Edward J. HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 38371.

Court of Criminal Appeals of Texas.

June 16, 1965.

Rehearing Denied Oct. 13, 1965.

Minor Pounds, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., William M. Laubach, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The conviction is for the unlawful possession of a narcotic drug, to-wit, marijuana; the punishment, twenty-five years.

The state's evidence shows that on the date alleged, detectives Rutherford and Wiley, after having obtained a search warrant, went to a certain cabin occupied by appellant at a motel in the city of Lubbock to search for narcotic drugs. In the search of the cabin, a quantity of marijuana was found in a suitcase.

Appellant timely objected to the evidence of the search and the fruits thereof, on the ground that the affidavit made by the two officers before the magistrate was insufficient to authorize the issuance of the search warrant.

The affidavit for the search warrant is similar to the affidavit in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, which was held insufficient by the Supreme Court of the United States to support a finding of probable cause by the magistrate for issuance of a search warrant.

The state concedes that the affidavit in the instant case is substantially the same as the one held insufficient in Aguilar v. State of Texas, supra, but insists that the test prescribed in Aguilar was met because the record shows that the magistrate received other information from the two officers which permitted him to make his determination of probable cause for the issuance of the warrant. In support of this contention, reliance is had upon the testimony of the justice of the peace who issued the search warrant, which was to the effect that before issuing the warrant he had a conversation with the two detectives and determined in his own mind that there was probable cause for its issuance.

The conversation between the magistrate and the two officers, which was not shown to have been sworn to under oath, could not be the basis for a determination of probable cause for issuance of the warrant.

Art. 1, Sec. 9, of Vernon's Ann.St. Constitution of Texas, provides, among other things, that no warrant to search any place or to seize any person or thing shall issue " * * * without probable cause, supported by oath or affirmation."

Further, a search warrant is required by the statutes of this state to be issued on a written, sworn complaint or affidavit. Articles 310–312, Vernon's Ann.Code of Criminal Procedure.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.