No. 651. CHRISTOFFERSON ET AL. *v.* WASHINGTON. Sup. Ct. Wash. Certiorari denied. *Francis Hoague* for petitioners. *James E. Kennedy* for respondent.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE MARSHALL joins, dissenting.

The Fourth Amendment, made applicable to the States by the Fourteenth Amendment, commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." The question presented by this case is whether the Constitution requires that, at or before the time a warrant issues, the judicial officer make a permanent record of the evidentiary basis for its issuance. In this case the entire record of the proceeding on the application for the warrant consisted of the complaint for the warrant, a copy of the warrant, and the return on the warrant. The complaint, considered alone, failed to state sufficient probable cause for the warrant and, on that ground, petitioner made a motion to suppress the evidence seized on its authority. The State resisted the motion on the basis of affidavits of the judge who issued the warrant, of the prosecuting attorney who applied for it, and of two police officers, purporting to set forth what had transpired at the hearing on the application. The finding of probable cause was sustained on the basis that the affidavits supplied the evidentiary basis not provided in the complaint. Federal courts have held that this procedure cannot be countenanced under Fed. Rule Crim. Proc. 41 (c), *United States* v. *Birrell,* 242 F. Supp. 191 (1965); *Rosencranz* v. *United States,* 356 F. 2d 310 (1966); *United States* v. *Walters,* 193 F. Supp. 788 (1961); *United States* v. *Sterling,* 369 F. 2d 799, 802 n. 2 (1966). The substantive right created by the requirement of probable cause is hardly accorded full sweep without an effective procedural means of assuring meaningful review of a deter-

mination by the issuing magistrate of the existence of probable cause. Reliance on a record prepared after the fact involves a hazard of impairment of that right. It is for this reason that some States have imposed the requirement of a contemporaneous record. Thus, in *Glodowski* v. *State,* 196 Wis. 265, 271–272, 220 N. W. 227, 230 (1928), the Wisconsin Supreme Court stated:

> "It is an anomaly in judicial procedure to attempt to review the judicial act of a magistrate issuing a search warrant upon a record made up wholly or partially by oral testimony taken in the reviewing court long after the search warrant was issued. Judicial action must be reviewed upon the record made at or before the time that the judicial act was performed. The validity of judicial action cannot be made to depend upon the facts recalled by fallible human memory at a time somewhat removed from that when the judicial determination was made. This record of the facts presented to the magistrate need take no particular form. The record may consist of the sworn complaint, of affidavits, or of sworn testimony taken in shorthand and later filed, or of testimony reduced to longhand and filed, or of a combination of all these forms of proof. The form is immaterial. The essential thing is that proof be reduced to permanent form and made a part of the record which may be transmitted to the reviewing court."

It seems to me that there is a substantial constitutional issue presented by the question tendered by petitioner. I would therefore grant the petition.