Daniel Bruce McCREA, Appellant,

v.

The STATE of Texas, Appellee.

No. 46367.

Court of Criminal Appeals of Texas.

June 13, 1973.

**152**

Gregory V. Gossett, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., and William J. Stroman, Asst Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Appellant was convicted in a trial before the court of possession of marihuana on a plea of not guilty. The punishment was assessed at three (3) years, on probation.[1]

The record reflects that on April 12, 1972, Officer George Whaley of the San Angelo Police Department applied for a search warrant before Justice of the Peace Ruth K. Nicholson. The search warrant was issued and Officer Whaley made a search of the appellant's home. The appellant, through counsel, objected to the introduction of the search warrant and any evidence secured as a result therefrom. Testimony of Officer Whaley established that the house searched was occupied by the appellant and his wife but that they were out at the time of the search. Further testimony by the same witness revealed that a plastic sack of marihuana and some "roaches" (partly smoked marihuana cigarettes) were found in the house. It was stipulated by the parties that a chemist working for the Texas Department of Public Safety would testify that the substance found in the plastic sack was marihuana.

Appellant's sole contention herein is that the trial court erred in refusing to suppress all evidence seized as a result of the search of the said premises for the reason that the search warrant was invalid and issued without probable cause.

The search warrant complained of, in its pertinent portions, reads as follows:

"I, George Whaley, do solemnly swear that heretofore, on or about the 12th day of April, A.D. 1972, in the City of San Angelo, Tom Green County, Texas, one Daniel Bruce McCrea and other person or persons whose names, identification, and description are unknown to affiant, did then and there unlawfully possess and does at this time unlawfully possess a narcotic drug, to-wit, marijuana, in a residence being described as a one story white wood frame house, with a green roof, being a duplex being the South West side of house, located at 314 E. Twohig Street in the City of San Angelo, Tom Green County, Texas, which said residence is possessed, occupied, under the control and charge of Daniel Bruce McCrea and person or persons whose names, identification and description are unknown to affiant,

"MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

"I have been informed of the foregoing set out facts by a person who I know to be reliable and credible who states the following facts: That Daniel Bruce McCrea has a large *quanity* of marijuana concealed in his residence at 314 E. Twohig Street, San Angelo, Tom Green County, Texas. That the informer has been in McCrea's residence within the past 24 hours and has personally seen McCrea with a number of plastic baggies that contained marijuana.

1. See also McCrea v. State, Tex.Cr.App., 494 S.W.2d 821 (1973).

"During the past 5 days the above residence has been watched by myself, George Whaley, and I have seen known narcotic users frequent the above described residence.

"In the past on two separate occasions I have been informed that Daniel Bruce McCrea has threatened the life of any officer or officers that ever enter his residence and that he, McCrea, would shoot the first one through the door.

"I have known the above described informer for the past 3 years and have on numerous prior occasions received information from the informer in reference to other defendants in narcotic cases and in all occasions the informer has been correct with information.

"I received the information concerning the above described violation of law from the above informer on this the 12th day of April, 1972.

"WHEREFORE, I ask that a warrant to search for and seize the said narcotic drug at the above described premises be issued in accordance with the law in such cases provided.

/s/  George Whaley
George Whaley"

Appellant complains that the affidavit was not sufficient to establish probable cause in that it is ambiguous on its face in four respects.

First, it is his contention that the affidavit alleges two separate offenses, to-wit, possession of marihuana and threatening the life of a police officer and that from the affidavit, it is impossible to tell whether or not there were one or two informers. Thus, he maintains, if there were two, the affidavit does not indicate which informer is reliable and credible and has on numerous prior occasions given correct information.

Secondly, the appellant points to that portion of the affidavit that states that the informer has been in the appellant's residence within the past 24 hours and has personally seen the appellant with a number of plastic baggies of marihuana. He postulates that this could mean the informer had been in appellant's house on two separate occasions, to-wit, once in the last 24 hours and on a second occasion in which he observed the marihuana.

■ It is apparent that appellant believes the affidavit is one based solely upon an informant's tip and must thus comply with the two-fold requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, that "the magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were and some of the underlying circumstances from which the officer concluded that the informant, . . . was a 'credible person or his information reliable.'" This is not such a case. The affidavit clearly states that the residence was watched by the affiant and that he had seen known narcotic users frequent the residence. Under these facts, Aguilar is not controlling. Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L. Ed.2d 637; Gonzales v. Beto, 5 Cir., 425 F.2d 963. Corroborating facts from police observation could make a hearsay affidavit valid even if it did not meet both tests established in Aguilar. See Spinelli v. United States, supra, and Gonzales v. Beto, supra.

Were we to accept appellant's construction of the affidavit, which we do not, we still believe and hold that the independent corroborating statement of the affidavit was sufficient to buttress the hearsay declarations of the informant and thus provide the necessary probable cause for the issuance of the search warrant.

Further, we do not believe that appellant has construed the abovementioned aspects of the affidavit in the manner dictated by the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684.

"If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a common sense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."

See also, Hegdal v. State, Tex.Cr.App., 488 S.W.2d 782; Cummins v. State, 478 S.W. 2d 452. The construction urged by the appellant would have required the magistrate to be hypertechnical and overly speculative.

■ Appellant further contends that the affidavit is ambiguous wherein it recites that the affiant "received the information concerning the *above described violation of law* from the above informer on this the 12th day of April, 1972." Appellant's position is that since the affidavit refers to two separate offenses, the magistrate could have interpreted this to mean that on April 12, 1972 the informant told the police that the appellant had "threatened the life of any officer or officers that ever entered his residence" and would thus have been no basis for the issuance of a search warrant to look for marihuana.

Again, we find this position untenable. Looking only within the four corners of the instrument as required by Hegdal v. State, supra; Adair v. State, Tex.Cr.App., 482 S.W.2d 247; and Gaston v. State, Tex.Cr.App., 440 S.W.2d 297, we find no reasonable basis for believing that the affiant was referring to the threats against police officers.

■ Lastly, appellant submits that the affidavit does not indicate how the informant knew that the plastic sacks contained marihuana. Herein, appellant relies upon our decision in Nicol v. State, Tex.Cr.App., 470 S.W.2d 893. Such reliance is in error. In Nicol, supra, the affiant stated that the

informant had been *told* that the accused possessed marihuana and thus constituted hearsay on top of hearsay. Here, the informant had told the affiant that he *saw* marihuana. Such personal observation by the informant was sufficient to support the magistrate's conclusion that probable cause existed to believe that marihuana was in the residence. Hegdal v. State, supra; Gonzales v. Beto, supra.

Appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.