**Frank H. SMITH, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46213.**

Court of Criminal Appeals of Texas.

June 13, 1973.

Rehearing Denied July 11, 1973.

Richard W. Davis, San Angelo, for appellant.

Frank C. Dickey, Jr., Dist. Atty., William J. Stroman, Asst. Dist. Atty., San Angelo, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the possession of Lysergic Acid Diethylamide, a dangerous drug; the punishment, two years imprisonment. The imposition of sentence was suspended and the appellant was placed on probation.

In a number of grounds of error the appellant asserts the affidavit supporting a search warrant was insufficient, and that the Lysergic Acid Diethylamide admitted into evidence was obtained as the result of

an unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 9 of the Constitution of this State, Vernon's Ann.St.

Near noontime on August 21, 1972, five officers of the San Angelo Police Department were executing a search warrant on premises described as Apartment No. 5 of Chapparal Apartments located at 2828 San Antonio Street in San Angelo. It was alleged that heroin was there possessed by the occupant of the apartment, William Gene Whitehead. After entering the apartment the officers found the lone occupant, Whitehead, asleep in the Northwest bedroom of the small, two-bedroom apartment.

A search of the apartment resulted in the finding of some marihuana seeds in a box in the Northeast bedroom. While the search was being conducted, the appellant knocked on the apartment door. The door was opened by one of the officers who stated he was a police officer and asked the appellant to come in. The appellant said: "What is going on here? I am moving in a room back here. What's going on?" The officer testified: "I carried him back, walked with him back to his room he said he was moving into." It was the Northeast bedroom in which the marihuana seeds had been found. The officer searched the appellant and found in his pocket a bottle containing the tablets introduced into evidence. When the bottle was taken from the appellant, he said to the officer: "It's LSD," or: "That's LSD."

■ Complaint is made that the affidavit for the search warrant does not meet the first requirement of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). That requirement is that the magistrate issuing the warrant " . . . must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were where he claimed they were . . . "

The portion of the affidavit in question reads: " . . . said information source advised that said source was present at the above premises very recently and observed said narcotic in said Apartment No. 5." This is more than a mere suspicion or conclusion on the part of the informer (source). The informer advised the affiant that he, the informer, had been on the premises and had *observed* the narcotic heroin on the premises. This was sufficient. See Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), (concurring opinion by Mr. Justice White); Hegdal v. State, 488 S.W.2d 782 (Tex.Cr.App.1972); Casas v. State, 462 S. W.2d 581 (Tex.Cr.App.1970); Satery v. State, 455 S.W.2d 294 (Tex.Cr.App.1970); Gaston v. State, 440 S.W.2d 297 (Tex.Cr. App.1969); Crotts v. State, 432 S.W.2d 921 (Tex.Cr.App.1968); Perez v. State, 394 S.W.2d 797 (Tex.Cr.App.1965); Ex parte Gomez v. State, 389 S.W.2d 308 (Tex.Cr.App.1965) and Gonzales v. Beto, 425 F.2d 963 (5th Cir. 1970).

■ The appellant also complains because the affidavit names only Whitehead and no other person, and the warrant only authorizes the arrest of Whitehead and no other person.

We hold that the affidavit was sufficient and the warrant authorized a search of the apartment. The marihuana seed was lawfully recovered by virtue of the search warrant. When the appellant identified the room in which the marihuana seeds were found as his room, the officer had probable cause, wholly apart from the search warrant, to arrest the appellant. Article 14.01(b), Vernon's Ann.C.C.P. The search incident to that arrest was lawful and the Lysergic Acid Diethylamide tablets recovered were lawfully seized. Peters v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968) and see Fisher v. State, 493 S.W.2d 841 (Tex.Cr.App. 1973); Frazier v. State, 480 S.W.2d 375 (Tex.Cr.App.1972); Alaniz v. State, 458 S.W.2d 813 (Tex.Cr.App.1970) and Price

v. State, 410 S.W.2d 778 (Tex.Cr.App. 1967).

Having found that under these facts there was probable cause for the appellant's arrest and that the search and seizure incident thereto were lawful, we have rejected the appellant's contention that under the authority of Terry v. Ohio, 392 U. S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a full search of the appellant's person was not authorized.

 The appellant urges that the affidavit is insufficient because the word heroin was misspelled herion. We hold that the misspelling of the word heroin was not a fatal defect in the affidavit. See Lute v. State, 166 Tex.Cr.R. 357, 314 S.W.2d 98 (1958) and Daltwas v. State, 375 S.W.2d 732 (Tex.Cr.App.1964).

The judgment is affirmed.

Opinion approved by the Court.