**Leon Ivan BROWN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47083.**

Court of Criminal Appeals of Texas.

July 3, 1973.

Rehearing Denied Sept. 7, 1973.

---

L. Aron Pena, Edinburg, for appellant.

Oscar McInnis, Dist. Atty., and Walter G. Weaver, Asst. Dist. Atty., Edinburg, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

This appeal is from revocation of probation; the punishment, three (3) years.

On May 19, 1972, appellant was convicted for destruction of public property over the value of $50, and was granted probation during his three year term, conditioned that he commit no offense against the laws of this State.

The State filed a motion to revoke probation, alleging that on September 1, 1972, appellant had in his possession a narcotic drug, to-wit, marihuana. A hearing was held on the motion to revoke probation on October 19, 1972, resulting in the revocation and sentence of appellant to serve not less than two nor more than three years in the Texas Department of Corrections.

The facts developed at the hearing showed that police officers at Mercedes, with a search warrant for a mobile home occupied by Gloria Flores, searched the mobile home in question, found three packages of marihuana containing a total of 101 grams under the sofa, saw appellant hurry into the bathroom as the officers entered the house, heard him flush the toilet, arrested Gloria Flores, appellant and another male and female in the small home, carried them to the police office, searched appellant and found small quantities of marihuana, including a marihuana seed, in

his pockets. In addition, the officers before the search had the home of Gloria Flores under surveillance for three weeks, had seen a number of known marihuana users frequently go there and leave, and had seen appellant go there many times during the day and night. They had seen Gloria Flores often using appellant's car, as she had none of her own.

Chain of custody of the marihuana was proved, and Dr. H. E. Whigham, whose qualifications were admitted, identified the contraband as marihuana.

Gloria Flores testified for appellant that the marihuana found in her premises was being kept by her for a man whose name she did not know, and appellant had nothing to do with it. Appellant did not testify.

Appellant's contentions, properly preserved at the hearing, are (1) that the search warrant was not legal because the affidavit therefor did not set out sufficient facts to justify its issuance, and (2) that the search of his person at the police station was unwarranted, and, therefore, the fruits of those searches were not admissible in evidence.

■ The affidavit sworn to before a magistrate on September 1, 1972, upon which the search warrant was issued, stated the facts upon which affiant's belief was based that Gloria Flores possessed marihuana at the mobile home in question, which were:

"On this day an informant, whose name is with-held for security reasons, told your affiant that said suspected party is now keeping and possessing narcotic drugs at said suspected place and further stated to your affiant, as basis for said conclusion, that on August 31, 1972, such informant was at said suspected place and there saw said suspected party, keeping and possessing a narcotic drug in form of a green leafy substance known to informant as marijuana. Informant acquired a small amount of such sub-

stance and made some available to your affiant. Said suspected substance was tested by your affiant by method of smell and burn test and found to be exactly the same substance as known to your affiant as marijuana. Informant further stated that much more such substance was seen in said suspected place. "Your affiant believes that this information given him by such informant is reliable and that such informant is credible, for the following reasons;

"1. Such informant on four separate occasions has given your affiant accurate reports of law violations involving Narcotics.

"2. On four separate occasions such information from such informant has led to the arrest of Narcotic law violations.

"3. A three week surviellance (sic) of said suspected place by several members of the Mercedes Police Department, including your affiant, resulted in observation of several suspected as well as convicted Narcotics users frequently visiting such suspected place and talking to such suspected party.

"Wherefore, I ask that a warrant to search for and seize the said narcotic drug at the above described premises be issued in accordance with the law in such cases provided."

We deem this affidavit sufficient to support the issuance of the search warrant. Hegdal v. State, Tex.Cr.App., 488 S.W.2d 782; Smith v. State, Tex.Cr.App., 496 S.W.2d 90 (1973); McCrea v. State, Tex.Cr.App., 499 S.W.2d 151 (1973); Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; and cases therein cited. Therefore, the evidence obtained in the search of the mobile home of Gloria Flores was properly admitted.

■ The appellant was present where the marihuana was found. He hurriedly went in the bathroom when the officers entered, kept the door shut and flushed the

**346**

toilet. He frequented the mobile home of Gloria Flores, both day and night, where known narcotic users came and went. He was lawfully arrested under the terms of Art. 14.03, Vernon's Ann.C.C.P., which provide:

> "Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws." Fisher v. State, Tex.Cr.App., 493 S.W.2d 841, and cases cited.

Further, this Court has held that an officer executing a valid search warrant has the right and duty to search persons found on the premises in the execution thereof. Guerra v. State, Tex.Cr. App., 496 S.W.2d 92 (1973); Guzman v. State, Tex.Cr.App., 461 S.W.2d 602; Johnson v. State, Tex.Cr.App., 440 S.W.2d 308; Hernandez v. State, Tex.Cr.App., 437 S. W.2d 831.

Having lawfully arrested appellant on the premises, the search of his person and the seizure of the marihuana taken from his pockets was not unreasonable or in violation of his rights, and the fruits thereof were properly received in evidence.

In 51 Tex.Jur., Search and Seizure, Sec. 31, Page 676, it is said:

> "A search may be made without a warrant in connection with a lawful arrest, and incriminating articles connected with the crime, such as its fruits or the means by which it was committed, as well as weapons and other things to effect an escape, found in the possession of the arrested person, may be seized." Citing many cases under notes 13 and 14.

The fact that the search of appellant's clothing was conducted at the police station soon after his arrest did not render such search unlawful. Johnson v. State, Tex.Cr.App., 397 S.W.2d 441.

The evidence was sufficient to show violation of the terms of probation, and the court did not abuse its discretion in revoking such probation.

We affirm the judgment.

Opinion approved by the Court.