Jimmy Edward COLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 46687.

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

W. B. "Bennie" House, Jr., and Rique D. Bobbitt, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, and Ned Morris, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from a conviction for the possession of marihuana. The jury assessed punishment at five (5) years.

The sufficiency of the evidence is challenged.

The record reflects that on September 4, 1971, at approximately 3:00 a. m., Deputy Sheriff William A. Turner, III, together with his partner and other law enforcement officers, acting on information, set up a surveillance on a 1971 Plymouth GTX with a black vinyl roof and a red bottom. It was located in a parking lot at 4830 Aldine Mail Route Road, Harris County. After watching some six hours, on September 4, 1971, at 10:05 a. m., the Deputy Sheriff secured a search warrant from Albert L. Lee, Justice of the Peace, Precinct No. 4, Harris County, authorizing a search of the auto described above and apartment number 46 located at 4830 Aldine Mail Route Road. The search warrant was executed by Deputy Sheriff Turner and other officers on September 4, 1971, at 10:42 a. m. Two baggies of marihuana and one Prince Albert tobacco can, half full of marihuana, and counterfeit U. S. currency were found.

In his first ground of error, appellant attacks the trial court's failure to sustain his motion to suppress evidence as a result of the search warrant. He argues that the warrant is invalid because the affidavit supporting the warrant cannot meet the probable cause requirement necessary for the issuance of a valid search warrant.

The challenged affidavit omitting the formal parts reads:

"I, W. A. Turner, III, Deputy Sheriff, do solemnly swear that heretofore, on or about the 3rd day of September, A.D. 1971, in Harris County, Texas, one Jimmy E. Collins did then and there unlawfully possess and does at this time unlawfully possess an undetermined amount of counter*fit* U.S. Currency in a private apartment residence being described as apt. #46, 4830 Aldine Mail Route Road, said apt. facing West and being 2nd, from North end of bldg. same being located in the East bldg. structure, located at 4830 Aldine Mail Route Road in Harris County, Texas which said Private apartment residence is possessed, occu-

pied, under the control and charge of Jimmy E. Collins, W/m and a white female first name of Pat last name unknown.

MY BELIEF OF THE AFORESAID STATEMENT IS BASED ON THE FOLLOWING FACTS:

On 9/3/71, I, deputy W. A. Turner, III, Deputy Sheriff, received reliable information from a confidential source, which has proven to be true and correct on at least four prior occasions. This information in reference to Jimmy E. Collins, living with a white female with the first name of Pat, last name being unknown. The confidential source stating that they have in their possession at the above location, or in their automobile being described as a black over red Plymouth two door hardtop, bearing 1971 Texas license # RRN–506, also located at the same apt. bldg. on Aldine Mail Route Road, an undetermined amount of U.S. Currency. Said confidential source, on 9/3/71 did observe a small box in the front floor board of the above described auto, said box containing an amount of counter*fit* U.S. Currency, and U.S. Postal Money Orders, and also source had been in the above described apt. and did observe a shoe box which contained counter*fit* U.S. Currency. It is believed and I do believe that the above named are keeping counter*fit* U.S. Currency concealed at the above location for the purpose of sale and for their own use, contrary to the provisions of the law.

Wherefore, I ask that a warrant to search for and seize the said counter*fit* U.S. Currency at the above described premises be issued in accordance with the law in such cases provided.

/s/W.A. Turner III

█ The affidavit is based on the informer's personal knowledge, based on his personal observations of the counterfeit money at the residence of appellant and a woman named "Pat" and in the automobile.

The informant had proven correct on four prior occasions. In determining the sufficiency of the affidavit, we are bound by the four corners of the document. Gaston v. State, 440 S.W.2d 297 (Tex.Cr.App.— 1969) (Onion, J., concurring), cert. denied, 396 U.S. 969, 90 S.Ct. 452, 24 L.Ed.2d 435; Wetherby v. State, 482 S.W.2d 852 (Tex. Cr.App.—1972). Examining the affidavit in such manner, we hold that it does reflect adequate probable cause and sufficient "underlying circumstances" to satisfy the requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723. Appellant's first ground of error is overruled.

In considering appellant's contention that the evidence was insufficient to support a conviction for the violation of Article 725b, Vernon's Ann.P.C., we must apply the test as stated by this court in Rodriguez v. State, 301 S.W.2d 921 (Tex.Cr. App.—1957):

"We must accept the finding of the jury on conflicting testimony and determine whether or not there is evidence from which they were warranted in finding beyond a reasonable doubt that the defendant committed the offense, as charged."

The State's burden for the violation alleged is stated in Valdez v. State, 481 S. W.2d 904 (Tex.Cr.App.—1972), as follows:

"The state has the burden of proving: (1) that the accused exercised actual care, control, and management over the contraband, and (2) that he knew the object which he possessed was contraband. Ramos v. State, Tex.Cr.App., 478 S.W.2d 102; Rodriguez v. State, Tex. Cr.App., 372 S.W.2d 541. Therefore, the evidence must affirmatively link the accused to the contraband. Haynes v. State, Tex.Cr.App., 475 S.W.2d 739."

█ The State showed (1) the marihuana found in the apartment of the appellant was in open view; (2) the appellant had left the apartment only a short time prior

to the search which discovered the substance. This evidence is sufficient to support the conviction.

Further complaint is urged that the trial court committed error by allowing evidence before the jury of unrelated extraneous offenses. Our examination of the record reflects the only such evidence for the jury's consideration was elicited by appellant on cross-examination of witnesses. Appellant has failed to point out in the record the evidence which he claims was admitted erroneously. Nothing is presented for review. See Article 40.09, Sec. 9, Vernon's Ann.C.C.P.

Having considered all grounds of error urged by the appellant and finding no error, the judgment is affirmed.

Opinion approved by the Court.