Sammy Joe ADKINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 1064–84.

Court of Criminal Appeals of Texas, En Banc.

Oct. 1, 1986.

**364**

Jimmy Edwards, Odessa, for appellant.

Phil Pollan, Dist. Atty., Fort Stockton, Douglas M. Becker, Ray Goldstein, Sp. Pros., Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

W.C. DAVIS, Judge.

Appellant was convicted of possession of tetrahydrocannabinol, a Schedule I controlled substance, and sentenced to fifteen years' incarceration in the Texas Department of Corrections.

The El Paso Court of Appeals, after finding appellant's conviction invalid under this Court's holding in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Cr.App.1982), went on to hold, inter alia, that exigent circumstances can never be relied upon to uphold a search when a warrant was actually obtained. *Adkins v. State*, 675 S.W.2d 604 (Tex.App. —El Paso 1984). We granted the State's petition for discretionary review in order to determine whether the actual procuring of a search warrant forecloses existing exigent circumstances as justification for the police officer's action.

Officer Charles Renfro received a tip from a confidential informant, who had previously provided reliable information, that appellant met with a man nicknamed "Pollock" each week and exchanged drugs for money. The informant had personally observed "Pollock" sell narcotics. In addition, Officer Renfro was cognizant of the fact that "Pollock" had a reputation as a narcotics distributor.

On September 3, 1982, approximately one week after the initial tip, the confidential informant again called Officer Renfro to tell him a drug transaction was taking place between appellant and "Pollock." Officer Renfro went to apply for a vehicle search warrant while Officer Allen Bailey was dispatched to "Pollock's" residence. When Officer Bailey arrived appellant's automobile was parked in front of "Pollock's" house. Shortly thereafter appellant and "Pollock" exited the house. Appellant took a package from the back seat of his car and handed it to "Pollock" who went back into the house. Appellant got into the car and drove to a nearby bar.

Officer Renfro joined Officer Bailey as he waited outside the bar. Appellant left the bar with another person and both got into appellant's car and started to drive away. Officers Renfro and Bailey stopped appellant's car as it turned from an alley into the street and executed the search warrant obtained by Officer Renfro.

A search of the vehicle revealed three guns: a loaded automatic pistol, a loaded Colt .45 pistol, and a loaded double-barrelled shotgun; 34 grams of marihuana and 80 grams of hashish. Additionally, appellant was carrying almost $1,000 in cash.

For reasons adequately explained in the Court of Appeals opinion the affidavit used to obtain the search warrant was deficient and thus the search warrant was invalid.

The State argued that even if the warrant were invalid, the automobile exception to the warrant requirement supported the search and resulting seizure. However, the Court of Appeals held that no such exigent circumstances could be relied upon when a search warrant was actually obtained. *Adkins,* supra at 608.

Initially, we must determine the validity of the per se rule established by the Court of Appeals in the instant case. The State argues that the fact that the officers obtained a search warrant should not have any bearing on whether or not the objective facts of the case support an exception to the warrant requirement. Appellant counters that the exigent circumstances exception to the warrant requirement only applies to warrantless searches and has never been applied to cases where a search warrant was actually obtained but invalid. This is simply not true.

In *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), the United States Supreme Court invalidated a search warrant for an automobile and reversed the defendant's conviction. However, even given this disposition of the case, the Supreme Court considered alternative justifications for the search offered by the State. Among these alternative justifications was the automobile exception to the warrant requirement. The Supreme Court rejected the exigent circumstances argument, not because the officers actually obtained a defective warrant, but because most of the relevant factors were not present, i.e., the car was parked rather than moving at the time of the search, no contraband or weapons were involved, and no confederates were waiting to move the evidence.

Similarly, in *Stoddard v. State,* 475 S.W.2d 744 (Tex.Cr.App.1972), this Court invalidated a search warrant resulting in the reversal of the defendant's conviction. However, prior to so holding, the Court analyzed the facts of the case to determine if the search could be upheld under an exception to the warrant requirement. This Court found no exigent circumstances existed at the time of the search because the defendant was in custody, the police had the keys to the car, and there was no reason to believe that another person would move the car.

In *Lowery v. State,* 499 S.W.2d 160 (Tex. Cr.App.1973), this Court expressly approved of this procedure with regard to arrest warrants:

> "Having found the affidavit invalid and having concluded a lawful arrest could not have been made with the arrest warrant, we look for a basis upon which the arresting officers could have effected a warrantless arrest." At 164.[1]

Simply because the facts of an individual case do not fit neatly into one of the exigent circumstances exception does not mean that such an analysis has never been done. In point of fact, several federal cases have upheld searches based upon exigent circumstances after the search warrant was invalidated.

In *United States v. Clark,* 559 F.2d 420 (5th Cir.1977), the Circuit Court of Appeals held that "it is well established that evidence gained by a search conducted under authority of a defective search warrant may still be admissible if an exception to the warrant requirement is present." In *Clark,* supra, the exigent circumstance utilized to uphold the search was the automobile exception.

Similarly, in *United States v. Poole,* 718 F.2d 671 (4th Cir.1983), the Circuit Court of Appeals held that "any defects in the warrant are irrelevant and that exigent circumstances justified the warrantless search." At 675.[2]

▮ We hold that the actual procuring of a warrant does not preclude the use of exigent circumstances to justify a search should the warrant fail. When this occurs the search should be treated as one proceeding without a warrant and the facts of

1. See also *Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

2. See also *United States v. Chuke,* 554 F.2d 260 (6th Cir.1977).

the case should be reviewed to determine whether the search can be upheld under a warrant exception. As this court has many times pointed out, the question of whether a search is reasonable under the Fourth Amendment is not calculable under a per se rule but should be decided on a case by case basis. *Nastu v. State*, 589 S.W.2d 434 (Tex.Cr.App.1979); *Rivas v. State*, 506 S.W.2d 233 (Tex.Cr.App.1974). The facts of the particular case either excuse or proscribe the actions of the officers involved. The fact that the procurement of a warrant was attempted does not insulate those facts from review. Indeed, such a result would be but another excision of the Fourth Amendment protection against unreasonable searches. Police officers put in a situation like the instant one would be discouraged from attempting to procure a warrant lest the entire case stand or fall with that warrant. Thus, the sound principle of review by a "neutral and detached magistrate" would be removed from yet another class of search warrant cases.

■ Accordingly, the judgment of the Court of Appeals reversing the trial court is vacated and remanded to the Court of Appeals to determine whether there were exigent circumstances.

ONION, Judge, dissenting.

I dissent to the remand to the Court of Appeals. The case has already been reversed on other grounds. I would decide the exigent circumstances question here. We needlessly keep too many cases in appellate orbit.

TEAGUE, Judge, dissenting.

Acting pursuant to what has now been determined to be an invalid vehicular search warrant, because of a deficient affidavit, police officers in this cause conducted a search of the vehicle of Sammy Joe Adkins, hereinafter referred to as the appellant, and found therein, inter alia, hashish, for which the appellant was prosecuted and convicted. The El Paso Court of Appeals reversed the conviction, see *Adkins v. State*, 675 S.W.2d 604 (Tex.App.—El Paso 1984), holding that the search warrant

affidavit was insufficient to establish probable cause in that it fails to, among other things, state sufficient facts that might establish the reliability and credibility of the informer and fails to establish sufficient underlying circumstances from which the informer concluded that the appellant's motor vehicle then contained unlawful contraband. The affidavit is, as the court of appeals has described it, a "bare bones" search warrant affidavit. It is clearly insufficient to establish probable cause to believe that unlawful contraband was located in the appellant's motor vehicle when the search was conducted. The record does not reflect or indicate any valid reason or reasons for such omissions from the affidavit.

The court of appeals, after concluding that the affidavit for the search warrant was "bare bones", correctly rejected the State's argument that it should "second guess" the actions of the police officers from a retrospective standpoint and make the determination whether without a search warrant the search of the appellant's vehicle was valid, i.e., the State wanted the court of appeals to view the issue, not from the standpoint solely of what was contained in the search warrant affidavit, but view the issue based upon the testimony that was adduced at the hearing that was held on the appellant's motion to suppress. In rejecting this argument, the court of appeals stated, inter alia, the following: "We cannot, with straight faces, find the warrant invalid and then find that the officers were confronted with exigent circumstances depriving them of an opportunity to secure a warrant."

By the court of appeals' statement, I find that the court was actually, albeit implicitly, merely invoking and applying to this cause this Court's "four corners" rule that is applied to search warrant affidavits.

This Court has long held that in determining the sufficiency of the evidence for a search warrant affidavit, such determination is measured by and is limited solely to the four corners of the affidavit itself. This rule apparently evolved because of

our Constitutional and statutory law. See Art. I, § 9, Tex. Const.; Art. 18.01, V.A.C. C.P. My research has yet to reveal where the Supreme Court has, for federal constitutional law purposes, passed on the subject. Cf. *Solomon v. Pennsylvania,* 414 U.S. 854, 94 S.Ct. 154, 38 L.Ed.2d 104 (1973); *Christofferson v. Washington,* 393 U.S. 1090, 89 S.Ct. 855, 21 L.Ed.2d 783 (1969).

This Court has interpreted the above constitutional and statutory provisions of this State to mean just what they clearly state, and by doing so has characterized its interpretation by calling it the "four corners" rule or doctrine of law. See *Hennessy v. State,* 660 S.W.2d 87 (Tex.Cr.App.1983); *Bellah v. State,* 653 S.W.2d 795 (Tex.Cr. App.1983); *Bryant v. State,* 652 S.W.2d 798 (Tex.Cr.App.1983); *Clayton v. State,* 652 S.W.2d 950 (Tex.Cr.App.1983); *Brooks v. State,* 642 S.W.2d 791 (Tex.Cr.App.1983); *Winkles v. State,* 634 S.W.2d 289 (Tex.Cr. App.1981); *Richardson v. State,* 622 S.W.2d 852 (Tex.Cr.App.1981); *Juarez v. State,* 586 S.W.2d 513 (Tex.Cr.App.1979); *Ramsey v. State,* 579 S.W.2d 920 (Tex.Cr. App.1979); *Doescher v. State,* 578 S.W.2d 385 (Tex.Cr.App.1978); *Jones v. State,* 568 S.W.2d 847 (Tex.Cr.App.1978); *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App.1976); *Evans v. State,* 530 S.W.2d 932 (Tex.Cr. App.1975); *Riojas v. State,* 530 S.W.2d 298 (Tex.Cr.App.1975); *Carvajal v. State,* 529 S.W.2d 517 (Tex.Cr.App.1975); *Abercrombie v. State,* 528 S.W.2d 578 (Tex.Cr.App. 1974); *Powell v. State,* 505 S.W.2d 585 (Tex.Cr.App.1974); *Collins v. State,* 502 S.W.2d 743 (Tex.Cr.App.1973); *McCrea v. State,* 499 S.W.2d 151 (Tex.Cr.App.1973); *Sessions v. State,* 498 S.W.2d 933 (Tex.Cr. App.1973); *Cook et al. v. State,* 497 S.W.2d 295 (Tex.Cr.App.1973); *Hegdal v. State,* 488 S.W.2d 782 (Tex.Cr.App.1973); *Polanco v. State,* 475 S.W.2d 763 (Tex.Cr.App. 1971); *Wetherby v. State,* 482 S.W.2d 852 (Tex.Cr.App.1972); *Stoddard v. State,* 475 S.W.2d 744 (Tex.Cr.App.1972); *Adair v. State,* 482 S.W.2d 247 (Tex.Cr.App.1972); *Nicol v. State,* 470 S.W.2d 893 (Tex.Cr.App. 1971); *Gaston v. State,* 440 S.W.2d 297 (Tex.Cr.App.1969), cert. den. 396 U.S. 969,

90 S.Ct. 452, 24 L.Ed.2d 435 (1969); *Ruiz v. State,* 457 S.W.2d 894 (Tex.Cr.App.1970) (Concurring opinion by Presiding Judge Onion); *Gaston v. State,* 440 S.W.2d 297 (Tex.Cr.App.1969); *Hall v. State,* 394 S.W.2d 659 (Tex.Cr.App.1965); *Mc Lennan v. State,* 109 Tex.Cr.R. 83, 3 S.W.2d 447 (1928). This Court's interpretation appears to be in accord with the majority viewpoint, that an otherwise insufficient warrant application may not be supplemented by unrecorded oral testimony. See *Virginia Law Review* (1984), Notes: "The Constitutionality of the Use of Unrecorded Oral Testimony to Establish Probable Cause for Search Warrants," fn. 12. There is, of course, a minority viewpoint, but this appears to be because of the differences in the respective constitutions, rules and statutes. See Notes, supra, and *State v. Oliveri,* 261 Iowa 1140, 156 N.W.2d 688 (1968), and the cases cited and discussed in *Search and Seizure Law Report,* "Use of Oral Testimony to Supplement an Incomplete Affidavit," Vol. 1, No. 6, April, 1974). The court of appeals, in declaring the search warrant affidavit null and void, relied solely upon State authority, and not federal authority, as authority for its implicit holding that no such supplementation to the search warrant affidavit, through the testimony of the witnesses that was adduced at the hearing on the motion to suppress, could take place after the search warrant issued in this cause.

The main reason for the "four corners" rule of law is quite simple. Failure to prepare a simultaneous or contemporaneous written record when the warrant was obtained eliminates effective procedural means of assuring meaningful review of a determination by the issuing magistrate of the existence of probable cause. Without a written record of that determination, an adequate judicial review cannot be had. Art. 18.01, supra, expressly requires, inter alia, that before a search warrant shall issue for any purpose in this State by a magistrate, sufficient facts must first be presented in a sworn affidavit to the issuing magistrate that satisfies him that prob-

able cause does in fact exist for the warrant's issuance. Art. 18.01(b), V.A.C.C.P., expressly requires that before a search warrant shall issue, "A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is required." The word "affidavit" has been defined to mean a statement in writing of a fact or facts signed by the party making it, and sworn to before some officer authorized to administer oaths." *Perkins v. Crittenden*, 462 S.W.2d 565 (Sup.Ct.Tex. 1970).

Even where a magistrate examines the affiant or affiants under oath, or even conducts an ex parte judicial hearing on whether to issue the warrant, and concludes therefrom that sufficient grounds exist for the warrant to issue, it is still necessary to place in the affidavit for the search warrant such facts; otherwise, the affidavit will not be in compliance with the State Constitution and Art. 18.01, supra. Also, "In making such determination, it is of no consequence that the affiant might have had additional information which could have been given to the issuing magistrate." *Gaston*, supra, at 301. In *Mc Lennan*, supra, this Court put it this way: "[U]nless there is incorporated in a 'written sworn complaint'—'affidavit'—sufficient facts showing that "probable cause" exists authorizing the warrant to issue, there has not been compliance with the Constitution and laws either of the United States or of this State. If upon the investigation made by the magistrate facts were developed which constituted 'probable cause,' such facts could and should have been incorporated in the affidavit." (448).

This Court has thus held that the State may not supplement what is contained in the search warrant affidavit. See *Stoddard*, supra; *Hall*, supra.

The record reflects that a police officer went to a magistrate located in Upton County to obtain a vehicular search warrant for a "dark blue late model automobile with a brown or tan vinyl top bearing Texas registration VGQ–250," which was then "parked at Nutts Bar on east 5th street in Mc Camey, Texas [which is located in Upton County]." The basis for the search warrant was the following pertinent part of the officer's affidavit:

It was reported to affiant that the subject in the above described vehicle was delivering drugs on a regular basis to Mc Camey and upon observation by Deputy Bailey the subject driving the vehicle was observed delivering a package believed to be drugs to a person known only as Pollock to the affiant and the said Pollock has been reported several times as being a distributer of narcotics."

The magistrate soon thereafter issued the search warrant.

Armed with the search warrant, the police officer proceeded to Nutt's Bar. Soon thereafter, he and another police officer witnessed the appellant driving off in the vehicle they intended to search. The vehicle was stopped and the search warrant was then executed resulting in the finding of the drug for which the appellant was prosecuted. The record is clear that in arresting the appellant and searching his vehicle the officers were operating solely on the basis of the search warrant that the magistrate had just issued.

After a hearing on the appellant's motion to suppress was held in the trial court, the trial judge denied the motion. At the hearing on the motion, the police officers who testified embellished upon the "bare bones" facts stated in the affidavit for the search warrant, see *ante*, and thus attempted to put some meat on the bones.

On direct appeal, the appellant asserted that the affidavit to support the search warrant was totally deficient, and all evidence seized as a result of the execution of the search warrant should have been suppressed. The court of appeals agreed with appellant and sustained his ground of error.

The State, on direct appeal, and in response to the appellant's contention, argued mightily that the search warrant affidavit was more than sufficient to establish probable cause to search the appellant's

vehicle, notwithstanding the fact that it is so obvious that any senior law student who has had occasion to study the subject of search warrants would easily view the affidavit and conclude that the affidavit that was presented to the magistrate in this cause is totally and wholly insufficient to establish probable cause to search the appellant's vehicle. The State asserted: "In this case, the magistrate could reasonably have concluded from the totality of the circumstances presented in the affidavit that illegal drugs were probably in the described vehicle. The combination of the informant's tip corroborated by Officer Bailey's [the officer who had the truck under surveillance while the other officer, the affiant to the search warrant, went to get the search warrant] observations and other reasonable inferences were sufficient to justify issuance of the search warrant." The State then argued alternatively that if the affidavit was indeed insufficient to establish probable cause, then, with, in my words, "new meat on the bones" that came from the motion to suppress hearing, there was more than adequate probable cause for the police to have made a warrantless arrest and warrantless search of the appellant's vehicle. The State based its latter argument on the asserted fact that "If the place to be searched is a moving vehicle exigent circumstances exist to search it without any necessity of first procuring a warrant." In other words, the State is really arguing that because the object to be searched was a moving motor vehicle, there was no need in the first place to go and obtain a search warrant, i.e., the term "moving vehicle" is a talisman for probable cause to stop and search that object. The State further argued, implicitly, that the "old facts" added to the "new facts" adduced at the motion to suppress hearing constituted more than sufficient probable cause to make a warrantless search of the appellant's vehicle. The main problem with the State's arguments is that it never presented at the motion to suppress hearing any new meat to go on the old bare bones facts set out in the affidavit.

The court of appeals overruled all of the State's arguments and reversed the appellant's conviction, holding that the trial judge erred in overruling the appellant's motion to suppress the evidence that was seized because of the invalid search warrant, which was invalid because it was based upon a deficient affidavit.

This Court's majority opinion, in violation of this Court's "four corners" rule of law, see ante, erroneously holds that in making the determination whether there is probable cause to make a warrantless search of a motor vehicle, the "old facts", as stated in the affidavit, as well as the fleshing out of the "old facts" that occurred at the hearing on the motion to suppress, may be added to any "new facts" that came into existence after the search warrant was obtained in order to establish probable cause to make a warrantless search. As far as I can tell, the only "new fact" that came into existence was the appellant driving from Nutt's Bar in the vehicle that the police wanted to search.

A hearing on a motion to suppress, which amounts to nothing less than a hearing to supplement the magistrate's written record, to flesh out vague or ambiguous statements in the affidavit, poses many difficulties, namely, disruption of the magistrate's conducting his day-to-day business; inability of the magistrate to recall the details that existed when he issued the warrant; problems of proof; the dimming of witnesses' memories and inconsistent accounts; and the obvious opportunity for a witness or witnesses to commit perjury, or the desire by witnesses "to stretch the truth" to make sure that what was before any possible uncertainty vanish because the search proved to be fruitful or successful. Thus, "Inadvertent additions to remembered conversations are not unlikely to occur," *Boyer v. Arizona*, 455 F.2d 804, 807 (9th Cir.1972), and the suppression hearing "may become tainted by possible additions of relevant information initially omitted but later supplied by hindsight." *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973).

As previously pointed out, our Constitution provides that no search warrant shall issue "without probable cause, supported by oath or affirmation." Art. 1, Section 9. Our statutory law requires that "no search warrant shall issue for any purpose in this State *unless a sworn complaint therefor shall first be filed with the issuing magistrate* setting forth sufficient facts to satisfy the magistrate that probable cause does in fact exist for its issuance." Art. 18.01, supra. Also see Arts. 18.02 and 18.21, V.A.C.C.P. Therefore, in Texas, in determining the sufficiency of the affidavit in question to reflect probable cause the courts of this State, trial and appellate, are bound by the four corners of the document itself.

In this instance, other than to establish the fact of the affidavit and the issuance of the warrant, the trial judge erred in conducting a full scale hearing on the appellant's motion to suppress. Given what was then before the trial judge in this instance, after the affidavit and the search warrant and the return thereon had been made part of the record, the motion hearing should have been limited or restricted only to arguments on why the affidavit was or was not sufficient.

Relying upon several cases which are factually inapposite to the facts of this case, the majority opinion steals inappropriate language from those cases and holds "that the actual procuring of a warrant does not preclude the use of exigent circumstances to justify a search should the warrant fail. When this occurs the search should be treated as done proceeding without a warrant and the facts of the case should be reviewed to determine whether the search can be upheld under a warrant exception."

Up to a point, these broad general statements are probably facially correct. However, because of this Court's "four corners" rule of law, there cannot be any fleshing out or expansion on the bare bones facts set out in a search warrant affidavit. In this instance, the time for fleshing out the facts or expanding upon the facts should have occurred not at the hearing on the motion to suppress but when the officer was before the magistrate. It should be obvious to anyone that in seeking the search warrant for the appellant's vehicle, the affiant-police officer got careless, probably because he wrongfully believed that the platitude, "The word 'automobile' is not a talisman in whose presence [the Constitutional and statutory provisions that govern searches and seizures] fade away and disappear", should read "The word 'automobile' is a talisman in whose presence [the Constitutional and statutory provisions that govern searches and seizures] fade away and disappear." Had there been new and independent facts, unrelated to the bare bones facts stated in the affidavit, that would have established probable cause to arrest or stop and search the appellant's vehicle, one would be hard pressed to argue that such would have been unlawful. However, that is not our case.

The majority opinion is dead wrong for many reasons. First and foremost is permitting the State to indirectly violate the "four corners" rule of law that has served this State so well for such a long time by fleshing out or expanding on the facts that were presented to the magistrate. The expanded facts that the majority opinion uses to establish probable cause actually represent nothing less than fruit from an unlawful search warrant. Cf. *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). This, of course, is not to say that "old facts" may never be used to establish probable cause, but may only be used in the situation where the "old facts", standing alone, that were used to obtain a search warrant, are insufficient to establish probable cause, but when added to "new facts" establish probable cause.

The majority opinion also ignores the fact that the sole basis on which the police stopped and searched the appellant's vehicle was because they had a search warrant and were executing it; thus, the police were acting solely on the basis of the "old facts" set out in the search warrant affidavit. The police did not rely upon anything else. It is obvious to me from this record that *but for* having the search warrant the

police would not have stopped the appellant's vehicle, much less searched it. The only new fact that came into existence after the search warrant issued was the appellant driving off in his vehicle, but this "mobility," standing alone, most certainly did not establish probable cause to stop and search the vehicle. Cf. *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564 (1971). Also see *Brown v. State*, 481 S.W.2d 106 (Tex.Cr. App.1972).

For all of the above and foregoing reasons, I respectfully dissent to the majority's opinion overruling over 60 years' of sound case law. Also see the dissenting opinion that I filed in *Miller v. State*, Nos. 081–85, 082–85, 278–85, delivered September 24, 1986.

Today, given the facts and circumstances of this cause, we witness, not as the majority asserts, "Indeed, such a result would be but another excision of the Fourth Amendment against unreasonable searches," but instead, we witness another vigorous attempt by an aggressive and assertive majority of this Court to water down the Fourth Amendment so that it will eventually amount only to a twinkle in the eyes of those great men who wrote that Clause of the Federal Constitution.