The STATE of Texas, Appellant

v.

Sharon KLIMA, Appellee.

No. 10–94–231–CR.

Court of Appeals of Texas, Waco.

July 12, 1995.

Thomas B. Sehon, District Attorney, Marlin, Gerald M. Brown, Temple, for appellant.

Ron Butler, Marlin, for appellee.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

## OPINION

THOMAS, Chief Justice.

The State appeals from an order suppressing all evidence, including some 180 mature marihuana plants, seized during a search of the farm where Sharon Klima lived with her codefendant, Paul Wilson.[1] Finding that the suppressed evidence was all that supported the State's case against Klima, the court also ordered the prosecution dismissed. In the first of two points of error, the State argues that the court erred because the marihuana plants were observed in plain view by officers in a helicopter and, thus, were susceptible to seizure under the "open fields" doctrine. In its second point, the State claims that the court erred in dismissing the cause because Klima did not establish that she had standing to contest the seizure. We will affirm the court's ruling.

On September 7, 1992, an anonymous caller informed the Falls County Sheriff's Department that he had observed marihuana growing near a residence in the county. Deputy Sheriff Ben Kirk went to the residence, where he saw Wilson on the premises and, from neighbors, determined Wilson's name and that he was the owner of the

---

1. The State also appealed the order as to Paul Wilson. *See State v. Wilson*, No. 10–94–232–CR (Tex.App.—Waco, July 12, 1995, no pet. h.) (not designated for publication).

property. Kirk swore to an affidavit drafted by the district attorney's office, claiming probable cause to search the property based on information from "an anonymous telephone caller about a possible cache of marihuana plants." A Justice of the Peace issued a search warrant authorizing the search of Wilson's property for the suspected marihuana plants.

The day after obtaining the search warrant, Kirk and Sheriff Larry Pamplin "borrowed" a Department of Public Safety helicopter, piloted by Troopers Billy Peace and John Foster, to fly over Wilson's property. According to Kirk and Foster, the marihuana was "very visible" from the air. After observing the marihuana, they called in officers in cars and landed the helicopter on Wilson's farm. They arrested Wilson, searched the house, barn, and surrounding farm land, and confiscated the marihuana plants, as well as dried marihuana ready for use. Klima surrendered to the sheriff's department several days later after learning that she was wanted in connection with the drugs found at the farm.

Klima moved to suppress all of the seized evidence on the theory that the search warrant was invalid because it was issued based on uncorroborated information from an anonymous informant. *See Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The court agreed with her argument and found that the search warrant was invalid. The court granted the motion to suppress and dismissed the State's prosecution.

The State does not challenge the court's conclusion that the warrant was invalid. Rather, it argues that the court should have upheld the search on the grounds that the marihuana was not in an area in which Klima could claim an objectively reasonable expectation of privacy. *See Florida v. Riley,* 488 U.S. 445, 109 S.Ct. 693, 102 L.Ed.2d 835 (1989); *Oliver v. United States,* 466 U.S. 170, 104 S.Ct. 1735, 80 L.Ed.2d 214 (1984). The State frames the question in this appeal as "whether evidence of growing marihuana in an 'open field' can be suppressed, where it was observed subsequent to the issuance of an invalid warrant, but prior to the actual

entrance onto the premises to be searched and prior to the arrest of the Defendant."

■ "[T]he actual procuring of a warrant does not preclude the use of exigent circumstances to justify a search should the warrant fail." *Adkins v. State,* 717 S.W.2d 363, 365 (Tex.Crim.App.1986). When the warrant is determined to be invalid, the search is reviewed to determine if it can be upheld under an exception to the warrant requirement. *Id.* at 365–66. However, because the search is examined as a warrantless search, the state bears the burden of justifying the intrusion. *See Russell v. State,* 717 S.W.2d 7, 9–10 (Tex.Crim.App.1986).

At the conclusion of the hearing, the following occurred:

[The State]: Your Honor, at this time the State rests and renews it's offer of the exhibits, and so forth.

[The Defense]: I would make my argument in brief if we can submit something by Monday.

THE COURT: I have two cases that—well, several cases that you have submitted, Illinois vs. Gates and Florida vs.—

[The State]: I have a bunch of them in my—

[The Defense]: Florida vs. Riley is the State's case, Your Honor. I plan to summarize mine. I think [the prosecuting attorney] mentioned he would do the same. If we could have until Monday to do that, I would appreciate it.

THE COURT: Monday will be fine.

[The State]: Would it be possible to have until Tuesday?

THE COURT: Tuesday, certainly. We will close the record.

According to the Court's letter announcing its ruling, it considered the parties' briefs prior to making its ruling. However, neither brief appears in the record before us.

■ Generally, to preserve an argument for our consideration, the theory must first be presented to the trial court. *See* TEX. R.APP.P. 52(a); *Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993). Unless the grounds are clear from the context, a party is required to specifically raise its claim in the

trial court. *See* TEX.R.APP.P. 52(a); *Lankston v. State*, 827 S.W.2d 907, 908–09 (Tex.Crim.App.1992). An objection or motion based on one ground cannot be used to support a different legal theory on appeal. *Cook v. State*, 858 S.W.2d 467, 474 (Tex.Crim.App. 1993). As the appellant, the State is held to these requirements. *See Sedani v. State*, 848 S.W.2d 314, 320 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (on rehearing); *State v. Nolan*, 808 S.W.2d 556, 559 (Tex.App.—Austin 1991, no pet.).

Because the State's trial brief was not filed, the only argument we have of record is the reference to *Riley*.[2] *See Riley*, 488 U.S. at 445, 109 S.Ct. at 693. No other argument is clearly raised by the context of the statement of facts from the suppression hearing. Thus, we will examine the application of *Riley* to the facts of this cause to determine if the court's ruling is erroneous.

After an anonymous tip that marihuana was being grown on Riley's property, the police inspected the premises from a helicopter. *See id.* 488 U.S. at 448, 109 S.Ct. at 696. The officer saw what he thought was marihuana in a greenhouse behind Riley's residence. *Id.* Based on his observations, the officer obtained a search warrant. *Id.* 488 U.S. at 448–49, 109 S.Ct. at 696. When the warrant was executed, marihuana was found on the property and Riley was charged with its possession. *Id.* 488 U.S. at 449, 109 S.Ct. at 696. Riley successfully moved to have the evidence suppressed, but the Supreme Court reversed the Florida courts, ruling that "the inspection was not a search subject to the Fourth Amendment." *See id.* (applying *California v. Ciraolo*, 476 U.S. 207, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986)).

▪ Applying that holding here, because observations from aircraft flying over private property are not searches in the constitutional sense, the officers had the right to use the D.P.S. helicopter to confirm the anonymous tip alerting them to the marihuana. *See id.* However, the State must still justify the warrantless intrusion onto the farm to seize the marihuana. *See McNairy v. State*, 835 S.W.2d 101, 106 (Tex.Crim.App.1991); *Moss v. State*, 878 S.W.2d 632, 641 (Tex.App.—San Antonio 1994, pet. ref'd). Nothing in *Riley* alters this basic constitutional requirement.

▪ The State did not present an argument to the court, on the record, justifying its warrantless intrusion onto the farm after the officers acquired probable cause based on their observations from the helicopter. When reviewing a ruling on a motion to suppress, we do not engage in a factual determination ourselves; rather, we determine if the court's findings are supported by the record. *See Banda v. State*, 890 S.W.2d 42, 51–52 (Tex.Crim.App.1994); *Johnson v. State*, 803 S.W.2d 272, 287 (Tex.Crim.App. 1990), *cert. denied*, 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991). If those findings are supported by the record, we consider only if the court abused its discretion applying the law. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Because the State failed to argue to the court any exceptions to the warrant requirement that would justify this intrusion, we conclude that it cannot show that the court abused its discretion in applying the law to the facts. *See* TEX.R.APP.P. 52(a); *Sedani*, 848 S.W.2d at 320; *Nolan*, 808 S.W.2d at 559. That is to say, we conclude that the State cannot show that the court abused its discretion by failing to deny the defendant's motion to suppress based on an unargued legal theory. *See id.* Thus, we overrule point one.

▪ In point two, the State argues that the court erred in granting the motion to suppress as to Klima because she failed to establish her standing to contest the search. *See McInnis v. State*, 657 S.W.2d 113 (Tex. Crim.App.1983). The State recognizes that it did not challenge Klima's standing before the trial court, but argues that it is allowed to raise standing for the first time in this court. *See Flores v. State*, 871 S.W.2d 714, 720 n. 7 (Tex.Crim.App.1993), *cert. denied*, —— U.S. ——, 115 S.Ct. 313, 130 L.Ed.2d 276 (1994); *Wilson v. State*, 692 S.W.2d 661, 669 (Tex.Crim.App.1984) (on re-

---

**2.** If the State's brief had been filed, any argument contained in it would be preserved for appeal because the court specifically indicated that it considered the briefs before ruling. *See Taylor v. State*, 863 S.W.2d 737, 738 & n. 1 (Tex.Crim.App.1993).

hearing). However, the State is the appellant in this cause, not the appellee. Standing may be raised for the first time on appeal in support of the trial court's order. *See id.* We do not believe that the same rule applies when the State seeks to have the reviewing court *reverse* the decision of the trial court. *See Nolan,* 808 S.W.2d at 559. Therefore, because the State failed to raise standing before the trial court, nothing is presented for review by point two. *See Cook,* 858 S.W.2d at 474. Point two is overruled.

The court's order is affirmed.