**Ex parte Christopher L. TIPTON.**

No. 67704.

Court of Criminal Appeals of Texas, En Banc.

June 10, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an original application for a writ of habeas corpus. Art. 11.07, V.A.C.C.P. The petitioner is currently incarcerated in the Texas Department of Corrections.

The petitioner alleges that he is illegally restrained since the indictment under which he stands convicted and incarcerated is void. This indictment in Cause No. 12257 in the Twelfth Judicial District Court of Walker County alleges in pertinent part, that the petitioner did "knowingly and intentionally possess a controlled substance listed in Penalty Group No. 2, to wti [sic]: *Hashish . . .*" (emphasis added.) An examination of "Penalty Group No. 2" of the Controlled Substances Act reveals no such drug as "hashish" listed. The indictment itself does not explain why "hashish" is a controlled substance.

 The applicable law follows:

"To state the rule generally, we hold that in a prosecution under the Controlled Substances Act for the manufacture, delivery, or possession of a substance not specifically named in a penalty group but which is otherwise described in a penalty group, . . . such description is an essential element of the offense which must be alleged in the indictment in order to state an offense."

*Ex parte Wilson*, 588 S.W.2d 905, 908–09. The instant indictment, therefore, does not allege an offense against the State, is void and subject to collateral attack. See *Taylor v. State*, 610 S.W.2d 471; *Ex parte Wilson*, supra at 908–09; see also *Crowl v. State*, 611 S.W.2d 59, 60.

1. All emphasis is mine unless otherwise indicated.

The indictment in Cause No. 12257 in the Twelfth Judicial District Court of Walker County is ordered dismissed and petitioner is ordered released from any restraint incurred by virtue of conviction under said void indictment. A copy of this opinion will be sent to the Texas Department of Corrections.

Relief ordered accordingly.

CLINTON, Judge, concurring.

The opinion for the Court rests squarely and soundly on the applicable law, and the decision is entirely correct. I write to comment on the utterly simplistic approach taken by the remarkable dissenting opinion.

Read carefully, Section 2.02 of the Texas Controlled Substances Act, Article 4476–15, V.A.C.S., does not mean what the dissent seems to suggest by its underscoring "*common, usual, chemical*" in the language of the section: The Legislature intended to and clearly stated that any controlled substance listed in a schedule or penalty group includes any other name by which the particular substance may be known. Thus, by listing "tetrahydrocannabinol" the Legislature meant to embrace "hashish" for, according to the dissent at least, the former is the chemical name by which the latter is "usually and commonly known." The suggestion is specious.

The reading reflected by the dissenting opinion tortures the language, and it creates more problems than the single issue it purports to resolve.

First, omitting irrelevant language by ellipsis produces the kernels of the section, *viz*:

"The controlled substances *listed or to be listed* . . . *are included by* whatever . . . name they may be *designated*." [1]

At the outset the statement tells us that what is being dealt with are substances either listed or to be listed—of course, by *some* manner in one list or another. Then it says that listed substances "are included *by*" whatever name et cetera. Note immediately that the language is *not* that listed substances "include" something else—the common and ordinary legislative parlance used to express an enlargement, having the meaning of "and or in addition to." Black's Law Dictionary (Rev. Fourth Ed. 1968) 905. Rather, the listed substances "are included by" the name "they may be designated." In the context used here the verb "to designate" means "to indicate or set apart for [specific] purpose" or office, *id.* at 533; Webster's New Collegiate Dictionary, G. & C. Merriam Company (1979) 305. Use of the word "designated" does not convey the idea of being "known," for the latter is defined as "generally recognized," *id.*, at 633, almost the antithesis being indicated or set apart for a particular function. And, finally, the indication or setting apart, the designation—is to be in one or another list in a schedule and penalty group.[2] In short, § 2.02 identifies a controlled substance according to the name by which it is designated in a list in a schedule or penalty group—regardless of whether that name is official, common, usual, chemical or trade nomenclature.

The second point is that tetrahydrocannabinol (THC) is not, as the dissent would have it, "the chemical name for that substance ... known as hashish." As I undertook to explain in *Few v. State*, 588 S.W.2d 578 (Tex.Cr.App.1979), THC is the "psychoactive ingredient responsible for euphoriant and hallucinogenic properties of the plant (Cannabis sativa L.) and its products," *Few*, at 581, but once THC was synthesized it "became available as a substitute for the organic substance," *id.*, at 582. So, while hashish may contain THC, it is not THC. Indeed, as pointed out in *Few*, at 583:

"... Thus, any material, compound, mixture or preparation which contains any amount of hallucinogenic substance tetrahydrocannabinol—other than in marihuana—is within the contemplation of Penalty Group 2."

Put another way for present purposes, one man's "hashish" may be another man's "charas," *Few*, at 581, "Chira," "Magoon," "Majun," "Madjun" or "Manzul," Grinspoon, *Marihuana Reconsidered*, Harvard University Press (1971) 39–41, or even marihuana,[3] which, of course, is one reason that not only a penal statute but also a charging

---

**2.** The Act is the Texas version of the Uniform Controlled Substances Act, 9 Uniform Law Annotated, Master Edition, 195 ff. *In Ex parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App.1979) beginning at 911, I explored the legislative history of the Act for another purpose, but my findings then are helpful to an understanding of the general relationship between the Uniform Act and the Texas Act. Essentially our Legislature was not content initially to list controlled substances in schedules only and then delegate to the Commissioner of Health of the State Department of Health § 1.02(4) the power to add substances to or delete or reschedule any substance enumerated in Schedules I through V, § 2.09(a), as the Uniform Act provided in its § 201. Instead, it insisted on creating penalty groups for penal offenses, separate and apart from schedules for regulatory purposes, reserving to itself the designation of a particular substance in the list of controlled substances to affix a range of punishment it found appropriate for the offense. Thus, it was compelled by its own concept to modify the Uniform Act analogue to § 2.02 of the Act, which reads:

"§ 202 [Nomenclature]

The controlled substances *listed or to be listed* in schedules in sections 204, 206, 208, 210, and 212 *are included* by whatever official, common, usual, chemical, or trade name *designated*."

The preceding Section 201 of the Uniform Act made clear that the person or agency authorized to administer the Act would be expected to "designate" substances to be included in one schedule or another according to factors enumerated therein, much like § 2.09 of the Act does, especially in its subsections (d)—"If the commissioner designates a substance..."—and (e)—"If any substance is designated..." Similarly, § 1.02(15) of the Act defines "Immediate precursor" as "a substance which the commissioner had found to be and by rule *designates* as being...."

**3.** Thus *Few* testimony of the State's chemist acknowledging absence of a definite "line of demarcation scientifically recognized between marihuana on the one hand and hashish on the other," *id.* at 584 and see n. 12 for his explanation of a "sort of overlap."

instrument must be more precise in stating the elements of an offense, including the listed controlled substance involved in it.

Finally, the demonstrated mischief the dissenting opinion would generate and permit necessitates the requirement laid down by the Court that the charging instrument "explain why 'hashish' is noted as a controlled substance."

With these comments, I join the opinion for the Court.

McCORMICK, Judge, dissenting.

The majority grants relief in this cause because the indictment alleged possession of "Hashish" rather than "tetrahydrocannabinol." Such a collateral attack should not be allowed in light of the language of Section 2.02 of the Controlled Substances Act (V.A. C.S. Article 4476–15). That section provides:

"The controlled substances listed or to be listed in the schedules in Schedules I, II, III, IV, and V and Penalty Groups 1, 2, 3, and 4 are included by whatever official, *common, usual, chemical,* or trade name they may be designated." (Emphasis supplied)

Tetrahydrocannabinol is the chemical name for that substance usually and commonly known as hashish. Although such a pleading may be subject to a motion to quash, it is not fundamentally defective and is not subject to collateral attack by habeas corpus. See *Anderson v. State,* 615 S.W.2d 745 1981).

To hold otherwise is to ignore the clear language and intent of Section 2.02, supra.

I respectfully dissent.