**Sammy Joe ADKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–83–00092–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 1, 1984.

Rehearing Denied Sept. 5, 1984.

Jimmy Edwards, Odessa, for appellant.

Aubrey Edwards, Dist. Atty., 83rd Dist., Big Lake, Douglas M. Becker, Gray, Allison & Becker, Austin, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

OSBORN, Justice.

This is an appeal from a conviction for possession of a controlled substance, to wit, tetrahydrocannabinol, other than marihuana. The jury assessed punishment at fifteen years imprisonment. We reverse.

■ At the outset, we address an issue not raised by Appellant at trial or on appeal. This offense, as alleged and shown at trial, was committed on September 3, 1982. Appellant was charged with an aggravated offense of possessing over twenty-eight grams but less than 400 grams of the listed substance under H.B. 730, Acts of the 67th Leg., Reg.Sess. 1981, Ch. 268, pp. 696–708, effective September 1, 1981. While the legislature subsequently reenacted a comparable statute, this offense was prosecuted under House Bill 730 which was declared unconstitutional in *Ex parte Crisp*, 661 S.W.2d 944 (Tex.Crim.App.1983). In *Crisp*, the Court of Criminal Appeals held that the invalidation of the amendment to the Controlled Substances Act resurrected the prior provisions. In *Crisp*, as in this case, the indictment was still valid, stating an offense under the prior provisions. Here, however, the Appellant was subjected to and received a penalty greater than that authorized by the prior provisions of Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.04(b)(2). This alone would necessitate a reversal and remand for new trial.

In Ground of Error No. One, Appellant contends that the court erred in denying his motion to suppress all evidence seized pursuant to the warrant utilized by the State. Appellant relies upon both federal and state search and seizure doctrine. He contends that the affidavit offered in support of the warrant failed to establish probable cause. The State has responded alternatively: (1) that the affidavit alone satisfies the requirements of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); (2) that the affidavit coupled with corroboration obtained by the officers satisfies the standard set out in *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); (3) that even if the warrant were struck down, probable cause and exigent circumstances would validate the seizure under *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925) and *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). *See also: Bellah v. State*, 653 S.W.2d 795 (Tex.Crim.App.1983).

This Court affirmed the conviction in *Bellah* at 641 S.W.2d 641 (Tex.App.—El Paso 1982) and we might have been disposed to overrule this ground of error had Appellant's complaint been founded solely upon federal search doctrine. *See: Lalande v. State*, 651 S.W.2d 402 (Tex.App.—El Paso 1983), *aff'd on other grounds*, 676 S.W.2d 115 (Tex.Crim.App.1984). *See also: United States v. Leon*, — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The

reliance upon State authority and the ultimate Court of Criminal Appeals decision in *Lalande*, however, precludes such a result at this time. Consequently, we are constrained to accept Appellant's position and reject the alternative justifications offered by the State.

■ One week prior to the alleged offense, Officer Renfro received a report from a confidential informant who had on one previous occasion provided Renfro with correct information as to narcotics traffic. The informant told Renfro that each week on a certain day a man approximately six feet tall, thin, with long blond hair, beard and mustache, driving a blue automobile would meet a man named Pollock at Nutt's Bar in McCamey. The two would drive to Pollock's house, enter and then return to the car to exchange drugs for money. The informant did not know the first man's name, but the description matched the Appellant. The informant related that he had personally seen the unknown man sell cocaine, hashish, marihuana and pills. Renfro was familiar with Pollock's (real name David Martinoleskowitz) reputation as a narcotics distributor.

On September 3, 1982, the informant again called Renfro. Appellant was in McCamey meeting with Pollock. Renfro went to apply for a vehicle search warrant. Deputy Sheriff Bailey took up surveillance of Appellant's blue 1980 Dodge Mirada, license number VGQ–250 which was parked at Pollock's residence. In Renfro's absence, Bailey saw the suspect (Appellant), described by the informant, exit the residence with Pollock. After a few minutes, he drew a package from the back seat and gave it to Pollock. Pollock returned to the house, and Appellant drove to Nutt's Bar where he remained for several minutes. As he drove away from the bar, Bailey, rejoined by Renfro, stopped him and the warrant was executed.

The affidavit offered to secure the search warrant described the vehicle by color, make and license number. It described its location as Nutt's Bar on East 5th Street, McCamey. It sought permission to search for cocaine and other drugs. The probable cause portion read as follows:

AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: It was reported to affiant that the subject in the above described vehicle was delivering drugs on a regular basis to McCamey and upon observation by Deputy Bailey the subject driving the vehicle was observed delivering a package believed to be drugs to a person known only as Pollock to the affiant and the said Pollock has been reported several times as being a distributer [sic] of narcotics.

Even with the demise of the prior two-prong standard of review established under *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), this affidavit is inadequate. The affidavit does not suffer from unreasonable technical deficiencies. Rather, under a totality of circumstances standard, it lacks any basis upon which a detached neutral magistrate could have found a reasonable independent belief that contraband was present. *Massachusetts v. Upton*, —— U.S. ——, 104 S.Ct. 2085, 2086, 2087–2088, 80 L.Ed.2d 721, 722, 726–727 (1984); *Illinois v. Gates, supra*. The affidavit was deficient in the following regards:

(1) No indication of the source of the informant's information as either direct observation or reliable hearsay;

(2) No indication of a basis for the informant's reliability, such as past performance;

(3) No indication of the time frame between the present application, the "regular basis" delivery or the observations of Officer Bailey;

(4) No explanation of the initial tip received one week earlier and the corroborative details observed by Bailey.

In essence, the affidavit, paraphrased, states "somebody told us this guy deals in drugs; one of our officers saw him hand another reported dealer a package in a car;

**608**

we want to search the car." The Supreme Court has performed a reasonable pruning on the poisonous tree doctrine, but its roots are still intact. The affidavit standing alone is inadequate.

■ The State's second theory asks us to consider the corroboration. We find that the initial tip, the corroborative detail observed by Bailey, and the past reliability of the informant established probable cause under *Draper, supra.* Had all this material been included in the affidavit as recited from the witness stand, even *Aguilar* and *Spinelli* would have been satisfied. The simple fact is, however, that *Draper* was a warrantless seizure based upon probable cause and exigent circumstances. In evaluating the propriety of the issuance of this warrant, we are limited to what was actually submitted to the magistrate as a basis for his decision. Sadly, none of the above available information was so provided.

This brings us to the State's third theory, that even if the warrant must fall, probable cause and the exigent circumstances, the automobile exception, support the seizure. The automobile, the fleeting target of exigent circumstances, has often provided by its very image a basis for taking immediate action without recourse to judicial oversight. We find little difficulty in applying the exception when the officers forego a warrant rather than speculate on their ability to maintain surveillance or curtail movement beyond their control. We also find no difficulty in applying the concepts of *Florida v. Meyers*, —— U.S. ——, 104 S.Ct. 1852, 80 L.Ed.2d 381 (1984) or *United States v. Ross, supra.* In the latter two cases, however, the Supreme Court was not so concerned with the propriety of the initial detention, but rather with eliminating unreasonable distinctions in Fourth Amendment zones of privacy where incremental intrusions are made by law enforcement personnel.

■ In this case, it is the propriety of the initial stop which is at issue. Nor are we confronted with having to second-guess the officers from a prospective standpoint,

wondering if they could maintain contact with the vehicle until a warrant could be obtained. A warrant was obtained! Unfortunately, it was invalid. We cannot, with straight faces, find the warrant invalid and then find that the officers were confronted with exigent circumstances depriving them of an opportunity to secure a warrant. Ground of Error No. One is sustained.

■ In Ground of Error No. Two, Appellant contends that the court should have granted his motion to dismiss, based upon denial of a speedy trial under Tex.Code Crim.Pro.Ann. article 32A.02 (Vernon Pamphlet Supp. 1966–1983). The operative dates involved are as follows:

| | |
|---|---|
| September 3, 1982 | Arrest |
| September 28, 1982 | Indictment No. 590 for possession of "hashish" |
| September 28, 1982 | State's announcement of ready |
| February 3, 1983 | Reindictment No. 590–A for possession of THC other than marihuana |
| February 10, 1983 | Motion to dismiss |
| February 14, 1983 | Motion denied; trial commences |
| February 15, 1983 | Indictment No. 590 dismissed upon State's motion |

The sole basis for reindictment was the fundamental defect of the initial allegation concerning "hashish." *Ex parte Tipton,* 617 S.W.2d 262 (Tex.Crim.App. 1981). There is no showing that the State was unprepared for trial in an evidentiary sense. Nor is there any showing that the error and reindictment at the State's behest in any way contributed to a delay in proceeding to trial. No continuances were requested by either side. In fact, the February 14 trial setting was the first made by the court on January 6, 1983. Under the circumstances, we find the State's announcement of ready applicable to the reindictment and sufficient to meet the requirements of the Speedy Trial Act. *Ward v. State,* 659 S.W.2d 643, 646–647 (Tex.Crim. App. 1983). Ground of Error No. Two is overruled.

■ In Ground of Error No. Three, Appellant contends that the court should have

declared a mistrial when the prosecutor injected his personal opinion into the voir dire by advising the prospective jurors of his opposition to probation in this case. The defense objection was sustained and the jury panel instructed to disregard the comment. The error was cured. *Hughes v. State*, 563 S.W.2d 581 (Tex.Crim.App. 1978), *cert. denied*, 440 U.S. 950, 99 S.Ct. 1432, 59 L.Ed.2d 640 (1979). Ground of Error No. Three is overruled.

The judgment is reversed and the cause remanded to the trial court for further proceedings not inconsistent with this opinion.

## OPINION ON MOTION FOR REHEARING

OSBORN, Justice.

On August 1, 1984, this Court reversed the judgment in this cause and remanded it to the trial court due to errors in the penalty phase and in the trial court's denial of a motion to suppress evidence seized under a defective warrant affidavit.

The State has filed a motion for rehearing contending that Appellant relied solely upon federal constitutional authority in his suppression ground of error and that *United States v. Leon*, —— U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) sanctions introduction of the illegally seized evidence in this case. Contrary to the State's blanket assertion of Appellant's reliance on federal authority, Appellant did, in his motion to suppress (R I, 31–32), invoke Article I, Section 9 of the Texas Constitution as well as Tex.Code Crim.Pro.Ann. art. 38.23 (Vernon 1979). Appellant phrased his ground of error without restriction as to federal or state protections, but did rely exclusively upon Supreme Court authority in his discussion. Thus, there is some justification for the State's rehearing position that the suppression issue should be analyzed exclusively from a federal standpoint.

Having reconsidered the seizure and introduction of the evidence in light of *Leon*, we still conclude that the evidence should have been suppressed. That case and the present facts are similar in that the defects in the affidavits appear in the probable cause substance presented to the magistrates. We are not confronted with merely a procedural error in seeking and obtaining a warrant. There the similarity ends.

■ *Leon* stands for the proposition that "objective good faith reliance" by a police officer upon the acceptance of his affidavit by a detached neutral magistrate will avoid application of the exclusionary rule in the event that the magistrate's assessment is later found to be in error. The Supreme Court recognized three circumstances in which the exclusionary rule had been previously applied: (1) knowing or reckless falsity of an affidavit; (2) "rubber stamp" review by the magistrate; (3) magistrate error in concluding that the affidavit presented probable cause. At ——, 104 S.Ct. at 3417. *Leon* leaves the exclusionary rule intact with regard to the first two types of situations. The change is with regard to the third category, and the difficulty to be faced by trial and appellate courts is in being able to distinguish those magistrate errors which are the product of a "rubber stamp" attitude from those which are neutral and detached judicial errors.

■ The solution is tentatively provided in *Leon* itself. Just as the burden is upon the State to demonstrate exigent circumstances for lack of a warrant, the State must also bear the burden of establishing the officer's objective good faith reliance upon the erroneous issuance of a warrant. At ——, 104 S.Ct. at 3422.

> Nor would an officer manifest objective good faith in relying on a warrant based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable."

In *Leon*, upon State request, the trial court specifically found that the officer relied in good faith. There was no such finding in this case. Nor can such good faith be

presumed from the mere fact that the officer resorted to a magistrate since the key focus in *Leon* is upon defective warrant situations and leaves at least three warrant situations subject to the exclusionary rule.

Furthermore, the Supreme Court stated: Officer Rombach's application for a warrant clearly was supported by much more than a "bare bones" affidavit. The affidavit related the results of an extensive investigation and, as the opinions of the divided panel of the Court of Appeals make clear, provided evidence sufficient to create disagreement among thoughtful and competent judges as to the existence of probable cause.

At ——, 104 S.Ct. at 3423. The affidavit in our case is clearly "bare bones." While we earlier concluded that the probable cause available to the officers would have satisfied the *Aguilar-Spinelli* standard, as well as that of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the information provided in the affidavit did not begin to satisfy either. The events in this case occurred prior to the decisions in *Gates* and *Leon*. The *Aguilar-Spinelli* standard was established between 1964 and 1969. While we may not hold police officers, in a good faith test, to the standards of legal expertise expected of attorneys and magistrates, we think it not unreasonable to expect an awareness of a thirteen to eighteen-year-old standard for presenting probable cause for a search warrant. The extent of the discrepancy between this affidavit and the long-standing standard precludes a finding of objective good faith reliance. Consequently, we conclude that the analysis presented in *Leon* still necessitates suppression.

The State's second position on rehearing reurges adoption of a per se exigent circumstances rule whenever a motor vehicle is the target of the search. We adhere to our original conclusion on this issue, as we do with regard to the other grounds of error presented on appeal.

The motion for rehearing is overruled.