The STATE of Texas, Appellant,

v.

Juan P. CANTU, Appellee.

No. C14–89–936–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 1990.

**182**

Candelario Elizondo, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

OPINION

CANNON, Justice.

This appeal by the State alleges that the district court erred in granting a motion to suppress evidence. The appellee was indicted for possession of more than 200 lbs. of marijuana. The drugs were seized pursuant to a search warrant issued by Judge Doug Shaver, 262nd District Court. The appellee's motion to suppress alleged that the search warrant's supporting affidavit lacked probable cause to justify a search, therefore the warrant was invalid. Judge Frank Price of the 208th District Court agreed, and granted the motion to suppress. We find that the totality of the circumstances indicate sufficient probable cause thus the evidence should not have been suppressed. We reverse the order and remand this case to the trial court.

The affidavit supplied the following information: that Officer Villasana received information on January 9, 1989 from a credible and reliable informant that a Latin

male (with alias and description) had marijuana for sale and personal use at 2222 Collier; that the informant has supplied information before and the information has always been accurate; that the informant could identify marijuana by sight and smell and in his opinion the substance in the house was marijuana; that Officer Villasana was experienced in observing narcotic transactions; that on January 9, 1989 he observed the appellee engaged in a narcotic transaction at 2222 Collier with two other unidentified latin males; that after this activity was observed, the other two men were arrested a short distance from the house and were in possession of marijuana; that Officer Villasana also observed other unknown males being let into the house by the appellee; and that Officer Villasana observed the appellee open the door to the house with what appeared to be a door key.

■ The standard to be applied in assessing probable cause is the "totality of the circumstances" test of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983); *Bower v. State*, 769 S.W.2d 887, 903 (Tex.Crim.App.1989). The probable cause standard is not technical, it is practical, and deals with *probabilities*, not hard certainties. *Bower*, 769 S.W.2d at 902. Because practical people formulate certain common sense conclusions about human behavior, the evidence "... must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *U.S. v. Cortez*, 449 U.S. 411, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981).

Furthermore, we must not lose sight of the purpose of probable cause standards, which are designed to protect citizens from unreasonable interference by police, yet at the same time afford police the ability to enforce the law in the protection of the community. *Brinegar v. U.S.*, 338 U.S. 160, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949). Officers often face ambiguous situations, particularly in the narcotics field of law enforcement. Rigid legal rules in this area would not leave a reasonable margin of error for acting on facts that lead sensibly to conclusions of probability. *Gates*, 103 S.Ct. at 2329.

■ Additionally, we are instructed by the United States Supreme Court and the Texas Court of Criminal Appeals that the magistrate's determination of probable cause should be given great deference by the reviewing court. *U.S. v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), *Bower*, 769 S.W.2d at 902. Affidavits for search warrants must be interpreted in a commonsense and realistic manner. As the one in question appears to have been, this type of affidavit is usually drafted by non-lawyers hurriedly during a criminal investigation. Technical requirements and grudging attitudes by the reviewing courts would discourage officers from submitting evidence before acting. *Ventresca*, 85 S.Ct. at 746.

■ It is the duty of this court to determine from the four corners of an apparently valid affidavit whether under the totality of the circumstances the magistrate had a substantial basis for concluding there was probable cause. We must review the legal sufficiency of the affidavit independent of the district court's decision. *State v. Escobar*, 764 S.W.2d 570, 572 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd).

■ In view of the forgoing authority, we now turn to the affidavit itself for review. The appellee indicates in his brief the areas where he believed, and Judge Price agreed, the affidavit was deficient. He asserts that the affidavit does not indicate that the information from the informant was not stale. However, in view of the totality of the circumstances as reflected in the affidavit, we find indication that the information was current. The officer got the information on the ninth of January, and on that same day he observed the appellee engaged in behavior that, in his experience as a narcotics officer, indicated drug activities. This supported the information gained that day from the informant, regardless of when the informant himself may have acquired it. The affidavit thus indicates that circumstances constituting probable cause existed recently enough to render it likely that evidence

would still be present. *Hall v. State,* 171 Tex.Crim. 227, 347 S.W.2d 262, 263–64 (App.1961).

Another area of deficiency according to the appellee involves whether the informant had ever been inside 2222 Collier. Although the affidavit does not expressly state that the informant in fact had been inside, it did state that he knew marijuana by sight and smell and that in his opinion the substance in the house was marijuana. It can be inferred that he had been in the house in order to have formed this opinion. Nor do we interpret the affidavit, as the appellee suggests, as making bold assertions or conclusions that there was marijuana in the house or that the officer observed a narcotics transaction. The officer's experience in the narcotics field and prior dealings with the informant corroborated what he saw and was told by the informant.

The appellee further complains that the affidavit did not identify the two males who were arrested nearby after leaving the house, and it did not indicate that they were asked where the marijuana came from, or how much they had, or if there was more at the house. Again, viewing the affidavit in light of the total surrounding circumstances, we do not find that the inclusion of this additional information was absolutely necessary, although it certainly would not have rendered the affidavit any less illuminating. The affidavit already indicated that the two men were just seen at the house making a drug transaction. It can be inferred that in all likelihood, the drugs found on them came from that transaction and it was doubtful that those were the last of the drugs located at the house where they were purchased. We find the facts submitted to the magistrate were sufficient to justify the conclusion that the drugs were probably on the premises at the time the warrant issued. *Winkles v. State,* 634 S.W.2d 289, 298 (Tex.Crim.App.1982).

TEX.CODE CRIM.PROC.ANN. art. 18.01 (Vernon 1981) provides that a search warrant will not issue unless sufficient facts for probable cause are presented to the magistrate, and that a sworn affidavit must be filed which sets forth substantial facts establishing probable cause. To be sufficient, the affidavit must indicate that a specific offense has been committed. It must specifically describe the property or items that constitute evidence of the offense or evidence that a particular person committed the offense. It must indicate that the property or items to be searched for or seized are located at the place to be searched. The affidavit, although far from a model example of perfection, satisfies these basic requirements.

The appellee also cites examples of cases in which the Court of Criminal Appeals and two other intermediate appellate courts found the affidavit deficient in probable cause. Each of these can be distinguished from the instant case. In *Cassias v. State,* 719 S.W.2d 585 (Tex.Crim.App.1986), the Court held that despite recitations of the informant's reliability, the affidavit was lacking in that it failed to show that contraband could be found in the house, it failed to connect the defendant and the drugs in any way with the address, and the affiant did not state who believed the packages were marijuana, or the basis for the belief. The affidavit at bar provided the information found lacking in *Cassias.* This affidavit did relate information that indicated contraband was probably in the house, it stated that the appellee was observed entering with a key, and it gave the informant's opinion that the substance was marijuana based on his knowledge of its appearance and odor.

Another affidavit was ruled insufficient in *Adkins v. State,* 675 S.W.2d 604 (Tex. App.—El Paso 1984, rev'd and remanded on other grounds, 717 S.W.2d 363 (Tex. Crim.App.1985)) for several reasons. First, there was no indication in the affidavit of the source of the information as either direct observation or reliable hearsay. There was no indication of a basis for the informant's reliability, such as past performance. Also, there was no indication of the time between the present application, the delivery of narcotics on a "regular basis", and the observations of the officer. Finally, there was no explanation of the

initial tip received one week earlier and the corroborative details. *Id.* at 607. The affidavit in the immediate case can be differentiated from the *Adkins* affidavit as well. This affidavit indicated that the source of the information was direct observation, that the informant had proven reliable in the past, that the application, receipt of information from the informant, and observations by the officer all occurred on January 9, 1989. Therefore, the inadequacies of the *Adkins* affidavit do not pertain to the present affidavit.

The Corpus Christi Court of Appeals described another affidavit as insufficient because it contained only the assertion that a known drug dealer entered and exited the house with drugs and on one occasion delivered several ounces of methamphetamines to the affiant's agent. There was nothing in the affidavit to suggest that the drug dealer was obtaining drugs in the house, or that the affiant personally observed the known drug dealer deliver methamphetamines to the affiant's agent. It did not identify the agent, and did not indicate whether the known drug dealer was acting as an informant or whether he was knowledgeable, credible, or reliable. *Dees v. State*, 722 S.W.2d 209, 214–15 (Tex.App.— Corpus Christi 1986, pet. ref'd).

The affidavit at bar provided significantly more information upon which probable cause was based. The informant was credible and reliable, a narcotic transaction was observed by the officer, two suspects were arrested shortly after leaving the house and possessed marijuana, and the appellee had a key to the house. The affidavit sufficiently established probable cause justifying the issuance of the warrant. We reverse the trial court's decision and remand the cause for further proceedings.