Affirmed and Memorandum Opinion filed January 30, 2007








Affirmed and Memorandum Opinion filed January 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00087-CR

____________

 

WILLIE CHARLES WADDLE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th 
District Court

Harris County, Texas

Trial Court Cause No. 1030059

 



 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for possession of a controlled
substance with the intent to deliver, appellant Willie Charles Waddle asserts
the trial court erred in denying his motion to suppress.  We affirm. 

Factual and Procedural Background








On or about June 9, 2005, Special Agent Daniel Comeaux of
the Drug Enforcement Administration (ADEA@) learned from
Special Agent Michael Brown that appellant was suspected of selling cocaine.  
Special Agent Brown received this information from a known drug trafficker who
had provided reliable information on previous occasions.  Upon receiving this
information, agents from the DEA began surveillance on appellant=s residence.  
Special Agent Andy Large saw appellant  enter the residence. A short time
later, Group Supervisor Phillip Springer saw appellant leave the residence and
get into a beige Mercury Sable automobile.  Several agents, including Agent
Comeaux, followed appellant to a car wash.  The agents then saw a man, later
identified as Ronald Hornburg, approach appellant.  Special Agent Comeaux, who
had fourteen years of narcoticsBteam experience, saw what he believed to
be a hand-to-hand narcotics transaction.  Hornburg passed appellant Asomething@ through the
window of appellant=s vehicle, and, in return, appellant gave
Hornburg Asomething.@ Immediately
following this exchange, Hornburg left the car wash and appellant returned to
his residence. 

The agents followed Hornburg, who stopped at AHigh Times@ to purchase some
drug paraphernalia.  The agents thereafter stopped Hornburg on an unrelated
traffic offense.  When they saw the cocaine inside his car door, they
immediately arrested him for possession of a controlled substance.  Upon being
arrested, Hornburg informed the agents that he had just purchased the cocaine from
appellant at the car wash, and that he purchased cocaine from appellant on a
regular basis.  Hornburg then directed Special Agents Large and Eric Barnard to
the residence where he believed appellant lived B the same
residence from which the agents had observed appellant enter and depart earlier
that day.  Hornburg also stated that appellant always had cocaine at his
residence, and indeed, had seen cocaine in that residence within the last
seventy-two hours.[1] 









A search warrant was issued for a search of appellant=s home.  The
search yielded a large quantity of cocaine.  Appellant was arrested and
indicted with the felony offense of possession with intent to deliver a
controlled substance, namely, cocaine, weighing more than four grams, and less
than two hundred grams, enhanced with a deadly weapon allegation and a prior
felony conviction allegation.  In a pretrial motion, appellant sought to
suppress evidence of the cocaine. The court denied the motion.  Appellant
waived his right to a trial by jury and pleaded Aguilty@.  The trial court
found appellant guilty as charged, and sentenced him to seven years= confinement in
the Institutional Division of the Texas Department of Criminal Justice. 

II.  Issue and analysis

In two issues, appellant contends the trial court erred in
denying his motion to suppress evidence seized pursuant to the search warrant. 
In particular, appellant contends that the search warrant affidavit failed to
establish probable cause in violation of the Fourth Amendment of the United
States Constitution and article 1, section 9 of the Texas Constitution.[2]
    








A trial court=s ruling on a
motion to suppress is reviewed for an abuse of discretion. Oles v. State,
993 S.W.2d 103, 106 (Tex. Crim. App. 1999).  An abuse of discretion occurs when
the trial court=s decision was so clearly wrong as to lie
outside the zone of reasonable disagreement.  Cantu v. State, 842 S.W.2d
667, 682 (Tex. Crim. App. 1992); Montgomery v. State, 810 S.W.2d 372,
391 (Tex. Crim. App. 1990) (op. on reh=g).  The court=s findings of fact
are given almost total deference, and in the absence of explicit findings, we
assume the trial court made whatever appropriate implicit findings are
supported by the record. Carmouche v. State, 10 S.W.3d 323, 327‑28
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89B90 (Tex. Crim.
App. 1997).  However, the application of the relevant law to the facts is
reviewed de novo. Carmouche, 10 S.W.3d at 327.  When the facts are
undisputed and we are presented with a pure question of law, de novo review is
proper.  Oles, 993 S.W.2d at 106.  The trial court=s ruling must be
upheld if it is correct under any theory of law applicable to the case.  Estrada
v. State, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005). 

During oral argument, appellant=s counsel argued
that, under a de novo review, the affidavit does not contain sufficient facts
to establish probable cause.  This argument assumes the wrong standard of
review.  As a reviewing court, we do not evaluate the affidavit under a de novo
standard; instead, we simply determine whether the magistrate had a substantial
basis for finding probable cause.  Id.  In doing so, we do not conduct
our own independent or de novo review; rather, we give great deference to the
magistrate=s determination of probable cause.  Illinois v.
Gates, 462 U.S. 213, 236‑37, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527
(1983); Uresti v. State, 98 S.W.3d 321, 335 (Tex. App.CHouston [1st
Dist.] 2003, no pet.). The test for determination of probable cause is whether
the magistrate had a substantial basis for concluding that a search would
uncover evidence of wrongdoing.  Gates, 462 U.S. at 236, 103 S.Ct. at
2331.

Did
the trial court err in denying appellant=s motion to
suppress the evidence seized as a result of the search warrant?    Probable cause to
support the issuance of a search warrant exists where the facts submitted to
the magistrate are sufficient to justify a conclusion that the object of the
search is probably on the premises to be searched at the time the warrant is
issued. Cassias v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). 
To justify the issuance of a search warrant, the affidavit submitted in support
must set forth facts sufficient to establish probable cause that (1) a specific
offense has been committed, (2) that specifically described property or items
to be the subject of the search and seizure constitute evidence of the offense,
and (3) the property or items constituting such evidence are located at the
particular place to be searched.  Tex.
Code Crim. Proc. Ann. art. 18.01(c) (Vernon Supp.  2005).   Whether the
facts mentioned in the affidavit are adequate to establish probable cause
depends on the totality of the circumstances.  Ramos v. State, 934
S.W.2d 358, 362‑63 (Tex. Crim. App. 1996).  Statements made during a
motion-to-suppress hearing do not factor into the probable cause determination;
rather, this determination is limited to an examination of the four corners of
the affidavit.  Massey v. State, 933 S.W.2d 141, 148 (Tex. Crim. App.
1996).  Reasonable inferences may be drawn from the affidavit, and the
affidavit must be interpreted in a common sense and realistic manner.  Wilson
v. State, 98 S.W.3d 265, 271 (Tex. App.BHouston [14th
Dist.] 2002, pet. ref=d).

The role of a magistrate in issuing a search warrant is to
make a practical, common‑sense decision whether, given all the
circumstances set forth in the warrant=s supporting
affidavit, including the veracity and basis of knowledge of persons supplying
hearsay information, there is a fair probability that contraband or evidence of
a crime will be found in a particular place. Gates, 462 U.S. at 238, 103
S.Ct. at 2332. The duty of a reviewing court is simply to determine whether,
when viewing the affidavit, considering the totality of the circumstances, the
magistrate had a substantial basis for concluding that probable cause existed to
support the issuance of the warrant.  Id.

Appellant contends that several parts of the affidavit,
when considered as a whole, do not state an adequate basis for the issuance of
the search warrant for his residence.  In particular, appellant complains that
(1) there is no showing of  reliability and credibility of Hornburg or the
information he provided to the officers; (2) the independent corroboration by
the agents is insufficient; and (3) there is no nexus between the cocaine
Hornburg purchased and appellant=s residence. 








A[A]n affidavit need not reflect the direct
personal observations of the affiant so long as the magistrate is informed of
some of the underlying circumstances supporting the affiant=s belief that any
informant involved was credible or his information reliable .@ United States
v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 745B46, 13 L.Ed.2d 684
(1965). Although an informant=s veracity, reliability, and basis of
knowledge are highly relevant in reviewing the sufficiency of an affidavit,
these elements are not each independent requirements, but closely intertwined
issues that illuminate the overall question of whether there is probable
cause.  Gates, 462 U.S. at 230, 103 S.Ct. at 2317.  Information provided
by an informant must contain some indicia of reliability or be reasonably
corroborated by police before it can be used to justify a search. Gates, 462
U.S. at 242, 103 S.Ct. at 2334.  Moreover, it is sometimes permissible to
presume reliability of an informant by virtue of the detailed nature of the
information he supplies.  Abercrombie v. State, 528 S.W.2d 578, 579
(Tex. Crim. App. 1975).  The magistrate also may rely on the experience and
pertinent expertise of an affiant in evaluating the informant=s report.   Hackleman
v. State, 919 S.W.2d 440, 449 (Tex. App.CAustin 1996, pet.
ref=d). 

In evaluating the affidavit, we note the following from the
statements contained therein and reasonable inferences therefrom: The officers
followed appellant from his residence to a car wash.  At the car wash,
appellant and Hornburg made a hand-to-hand exchange through appellant=s driver=s side window. 
The experienced officers observed appellant drive back to his residence, and
Hornburg drive in a different direction to a store that sells drug
paraphernalia.  Hornburg was immediately stopped for a traffic offense and
thereafter arrested for possession of cocaine.  Hornburg informed the officers
that he had purchased the cocaine from appellant and did so on a regular basis
and that appellant kept cocaine at his residence.  Hornburg directed the agents
to appellant=s residence, which was the same place the agents
themselves had seen appellant enter and depart before they witnessed the car
wash transaction. 

At the suppression hearing, Hornburg stated that he had
never been to appellant=s residence and did not know where
appellant lived.   In urging his argument, appellant focuses on Hornburg=s recantation of
the foregoing statements during the suppression hearing. Statements made during
a motion-to-suppress hearing do not factor into the probable-cause
determination; rather, our examination is limited to the four corners of the
affidavit to determine whether probable cause existed.  See Massey, 933
S.W.2d at 148. 








Notably, Hornburg was not an unnamed informant but the
actual purchaser of the contraband sold by appellant.  See State v. Wester,
109 S.W.3d 824, 826B27 (Tex. App.CDallas 2003, no
pet.) (recognizing that being a named informant generally goes a long way
toward establishing credibility); State v. Ozuna, 88 S.W.3d 307, 311
(Tex. App. CSan Antonio 2002, pet. ref=d) (concluding
trial court may determine credibility of an informant based on consideration of
whether informant presented first hand observations and whether reasonable
corroboration of informant=s statements existed).  Generally, courts
have found Acontrolled buys@ and police
verification of the events taking place before and after the Acontrolled buy@ to be sufficient
to connect the suspected narcotics with the defendant=s premises.  Compare
Richardson v. State, 622 S.W.2d 852, 857 (Tex. Crim. App. 1981) (concluding
affidavit sufficient because the affiant swore he was an eyewitness to the
events immediately preceding and following the informant=s purchase of
marijuana at the defendant=s home) with Dees v. State, 722
S.W.2d 209, 214B15 (Tex. App.CCorpus Christi
1986, pet. ref=d) (concluding affidavit was insufficient because it
contained no information regarding the reliability of the informant and
indicated no personal observations of the affiant regarding the transaction
between the defendant and the affiant=s agent) and Adkins
v. State, 675 S.W.2d 604, 607 (Tex. App.CEl Paso 1984)
(concluding affidavit was insufficient because it did not indicate whether the
source of the tip was direct observation or reliable hearsay; it did not
indicate a basis for the informant's reliability, such as past performance; and
it did not explain the nexus between the original tip and the officer=s corroborative
details), rev'd on other grounds, 717 S.W.2d 363 (Tex. Crim. App.
1986).  We conclude that the affidavit contained sufficient information to
establish that Hornburg was credible and reliable because the information he
provided was not only detailed but also corroborated by the agents.  Compare
Blake v. State, 125 S.W.3d 717, 727B28 (Tex. App.CHouston [1st
Dist.] 2003, no pet.) (concluding that information provided by confidential
informant did not require police corroboration before it could be used to
justify issuance of warrant to search for narcotics because informant provided
specific reasons why he believed that defendant was manufacturing contraband), and
Eillis v. State, 722 S.W.2d 192, 196 (Tex. App.CDallas 1986, no
pet.) (stating that independent corroboration by the affiant or by other
informants helps establish the credibility of the information and the
reliability of the information) with Serrano v. State, 123 S.W.3d 53, 60B63 (Tex. App.CAustin 2003, pet.
ref=d) (concluding
that an anonymous tip from a confidential informant that the defendant is
dealing cocaine in the city and county area, was merely conclusory, and, by
itself, did not establish probable cause to issue search warrant, where it did
not show basis for informant=s knowledge of crime, when or where crime
was being committed, or when informant received information). 

          In
his brief, appellant relies on Cassias, 719 S.W.2d at 587, Robuck v.
State, 40 S.W.3d 650, 654 (Tex. App.CSan Antonio 2001,
pet. ref=d), and Hass v.
State, 790 S.W.609, 611 (Tex. Crim. App. 1990).  None of these cases control the
disposition of this appeal.  

First,
the facts in Robuck are distinguishable.  In examining the validity
of separate search warrants, the Robuck court found only one of them
sufficient.  Id. at 655.  The second warrant issued for a search of
Robuck=s residence was not justified because
it contained only a general statement that quantities of currency and other
documents would be constantly maintained at his residence because of his long
term involvement in the narcotics trade.  Id.  The  court correctly
concluded that this isolated, general statement was not enough to support the
issuance of a search warrant for the residence on the day in question.  Id. 


Cassias
and Hass are
also distinguishable.  In Cassias, the Court of Criminal Appeals
concluded that the affidavit was insufficient to support a finding that
probable cause existed for a search of the defendant=s premises.  See Cassias, 719
S.W.2d at 587.  The only nexus in Cassias that connected the
suspected contraband to the premises sought to be searched was a statement that
the defendant had been seen carrying a Abrick type package@ believed to be marijuana.  Id. at
589B90.  The defendant in Cassias had
been seen in the backyard of the premises with a plastic tub and tubing, but
had not actually been seen in the yard or the house with Abrick packages.@  See id.  In contrast, Hornburg
gave specific and detailed information immediately after the agents personally
followed appellant from his residence and witnessed appellant engage in an
apparent narcotics transaction with Hornburg.  








Finally,
in Hass, the court concluded that the affidavit failed to set forth
probable cause to justify a search warrant for a mini-warehouse. 790 S.W.2d at
612.  In the search warrant affidavit, Officer White, the affiant, stated that
he observed the subjects enter the mini-warehouse, and place an unknown item
inside their vehicle.  Id.  However, at the suppression hearing, Officer
White testified that another officer actually made this observation.  Id.  Although
statements at a suppression hearing are not normally considered in the
analysis, this general rule does not apply when a police affiant makes
statements in an affidavit that are intentionally false or made with reckless
disregard for the truth.  Indeed, when a police affiant intentionally lies in a
search warrant affidavit, the statements made are excised from the affidavit
before determining whether the affidavit affords probable cause for the
issuance of a warrant.  Id. (emphasis added).  The Court of
Criminal Appeals ultimately held that, without the false statements, the affidavit
was insufficient to justify probable cause.  Id.  In contrast, the
affidavit before us identifies specific information detailing the observations
made by various special agents before, during, and after Hornburg=s arrest.  Id.  In sum, we
conclude that the cases appellant cites in his brief as controlling the
disposition of this appeal are either distinguishable or inapplicable.[3]








The Court of Criminal Appeals= recent opinion in
Davis v. State, 202 S.W.3d 149, 156B58 (Tex. Crim.
App. 2006), is instructive. In that case, the high court, following its opinion
in Cassias, found that an affidavit with far more deficiencies than the
one before us, stated sufficient facts to support the magistrate=s finding of
probable cause, and reversed the court of appeals.  Id. at 158.  








Charged with the manufacture of methamphetamine, the
defendant in Cassias filed a motion to suppress alleging that the there
was nothing in the four corners of the affidavit that would allow a magistrate
to determine that an offense had been committed and that contraband probably
would be found at his residence.  Id.  According to the affidavit, the
officer had been driving past the defendant=s residence and
had smelled a strong chemical odor that he associated with the manufacture of
methamphetamine.  Id.  The warrant, as the State conceded, was
insufficient as to the officer=s background, experience, training, or
previous encounters with this odor.  Id.   The court of appeals
concluded that the affidavit was insufficient to support the issuance of a
warrant.  Id.  at 154.   On petition for discretionary review, the Court
of Criminal Appeals held that, it was reasonable for a magistrate to infer
previous experience with the odor of methamphetamine when an officer states
only Athat he could
smell a strong chemical odor he has associated with the manufacture of
methamphetamine,@ without delineating his previous
experience or credentials.  Id.  at 156.  The high court ultimately
concluded that although the affidavit was far from exemplary, it was sufficient
to support the issuance of a warrant to search the defendant=s residence for
narcotics.  Id.  The Davis court opined as follows: 

Best practice is for the affiant expressly to include an officer=s experience, background
information, and previous associations with the contraband so that little is
left to inference, and the magistrate has specifically articulated facts to
evaluate. . . But the law requires that we defer to a magistrate=s reasonable, common sense
conclusions in assessing whether to issue a search warrant. Appellate courts
must allow for any reasonably available inferences and provide magistrates
appropriate deference. 

 

Davis,
202
S.W.3d at 157B58 .  Applying the Davis principles to the
present case, we cannot conclude that the affidavit was insufficient to support
a finding of probable cause.  Though it perhaps would have been better practice
to have included more detailed facts about the interior of appellant=s residence and
where Hornburg saw the contraband, these facts were not necessary in this case.
It was reasonable to infer from the agents= personal
observations and Hornburg=s statements that a crime had been
committed and that contraband probably would be found at appellant=s residence.   

III.  Conclusion








When evaluated in light of the totality of the
circumstances, the affidavit contained sufficient facts to enable the
magistrate to conclude that an offense had been committed, that items described
in the search warrant affidavit constituted evidence of the offense, and that
there was a fair probability that a search of appellant=s residence would
reveal the presence of contraband.  See. Tex. Code Crim. Proc. Ann. art. 18.01(c); State v. Stone, 137
S.W.3d 167, 177B78 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (concluding that affidavit in support
of search warrant for defendant=s residence established probable cause);
Brown v. State, 115 S.W.3d 633, 637 (Tex. App.CWaco 2003, no
pet.) (concluding that search warrant affidavit contained sufficient
information to establish probable cause that defendant was producing contraband
at his residence where evidence indicated, among other things, that the
defendant had purchased iodine crystals, and methamphetamine had been seized
from a vehicle that had just been seen where defendant resided).  Therefore, we
conclude that the warrant alleged sufficient probable cause.  The trial court
did not err by overruling appellant=s motion to
suppress. 

Appellant=s two issues are overruled, and the trial
court=s judgment is
affirmed. 

 

 

/s/      Kem Thompson Frost

Justice

 

 

Judgment rendered
and Memorandum Opinion filed January 30, 2007.

Panel consists of
Justices Frost, Seymore, and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).    









[1]  At the suppression hearing, Hornburg recanted these
statements and testified that he had never been to appellant=s home, and had no idea where appellant lived. 
Hornburg also denied that he had directed the agents to appellant=s residence.  





[2]  The State contends that appellant failed to
adequately brief his state constitutional claim and therefore waived it. 
Although appellant provides a separate point of error in his appellate brief
challenging the court=s ruling on the motion to suppress under the Texas
Constitution,  he does not provide any real explanation or analysis as to how
or whether the state and federal constitutional provisions differ or if the
state constitutional provision provides any greater protection than the
federal. Under these circumstances, we conclude appellant has waived his state
constitutional claim.  See Muniz v. State, 851 S.W.2d 238, 251 (Tex.
Crim. App.) (noting that state and federal constitutional claims should include
separate substantive analysis and argument). 





[3]  During oral argument, appellant also relied on the
following cases: State v. Davila, 169 S.W.3d 735 (Tex. App.BAmarillo 2005, no pet.),  Serrano v. State, 123
S.W.3d 53 (Tex. App.BSan Antonio 2001, pet. ref=d), and State v. Wester, 109 S.W.3d 824 (Tex.
App.BDallas 2003, no pet.), all of which are factually
distinguishable.           

 

In Davila, the court found that the supporting
affidavit was not sufficient to show probable cause because it did not show
that the informant was credible or the tip was reliable.  Davila, 169
S.W.3d at 739.  The affidavit stated that the informant previously gave the
officer narcotics trafficking information but it did not give any other
information to indicate that he had been proven accurate, and did not contain any
facts describing the basis of the informant=s knowledge.  Unlike the affidavit in Davila, the affidavit at
issue in this case clearly contained facts indicating that the information was
reliable.  The agents had appellant under surveillance and personally observed
him engage in a hand-to-hand transaction with Hornburg.  Further, even though
Hornburg did not give details of appellant=s
house, he stated that he had purchased cocaine from appellant on several
occasions and had seen crack cocaine in appellant=s possession Ain the past seventy‑two hours,@ which informed the magistrate of the basis of
Hornburg=s knowledge.

 

In Serrano, the affiant-officer relied heavily
upon a tip from an unidentified confidential informant who provided reliable
information in the past in narcotic cases.  The tip, however, was simply that, Aa Daniel Serrano, a 25-year-old Hispanic male, is
dealing cocaine in the Austin, Travis County area and that he had a 30-year-old
brother, Earnest.@ 123 S.W.3d at 60.  The court concluded that this
affidavit was insufficient because it did not show the factual basis for this
information, when or where the alleged crime was being committed other than
Austin, Travis County area, or even when the informant received this
information.  Id.  After receiving this tip, the  affiantBofficer found this individual=s residence and inspected his trash can.  Id.  Upon
testing, the officer found cocaine residue in the trash.  Id.  The Serrano
court found that, standing alone, the one-time intrusion into a garbage can
revealing cocaine residue would not justify a finding of probable cause to
search someone=s residence.  Id. at 62.  In contrast, Hornburg
had first-hand information and the police saw him in a hand-to-hand transaction
with appellant, corroborating  Hornburg=s
statements that he frequently purchased cocaine from appellant and very
recently had seen cocaine at appellant=s
residence. 

 

Finally, in Wester, though the
facts are a bit closer to the present case than the other cases on which
appellant relies, there still was no independent observation personally made by
the police.  109 S.W.3d at 825B26.  In Wester,
the police stopped Elliot for a traffic violation and found marijuana in
his vehicle.  Id. While undergoing questioning at the police station,
Elliot told the police that he purchased the marijuana from Wester at Wester=s residence.  Id.  The police then sought a
warrant for Wester=s residence.  Id.  The police, unlike the
agents in this case, had no other reason to suspect that Wester had contraband
at his residence.  Id.  While it is true that Hornburg gave up appellant=s name only after he was arrested for possession of
cocaine, the agents personally observed appellant engage in the exchange with
Hornburg and thereafter return to his residence.  In light of the totality of
the circumstances, the magistrate had a substantial basis for the issuance of a
warrant for a search of appellant=s
residence.