

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

## No. 07-13-00146-CR

_____

### THE STATE OF TEXAS, APPELLANT

### V.

### JESSE CASTRO, APPELLEE

On Appeal from the County Court
Hale County, Texas
Trial Court No. 2011C-750; Honorable Bill Coleman, Presiding

September 23, 2014

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, the State of Texas, appeals the trial court's order suppressing statements and actions by Appellee, Jesse Castro, at the time of and subsequent to his arrest for driving while intoxicated, 2nd offense.[1] The State asserts the trial court abused its discretion by (1) requiring direct evidence of a driving while intoxicated offense rather than probable cause prior to the issuance of a search warrant and (2) interpreting the officer's affidavit in support of the search warrant in a hyper-technical

---

[1] See TEX. PENAL CODE ANN. §§ 49.04(a) and 49.09(a) (West Supp. 2014).

manner. We reverse the trial court's order and remand for further proceedings consistent with this opinion.

## BACKGROUND

In November 2011, an information issued alleging Appellee operated a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body. The information also alleged Appellee had previously been convicted of a driving while intoxicated offense. In January 2012, Appellee filed a motion to suppress evidence related to any statements he made to law enforcement, field sobriety tests results and all laboratory reports related to Appellee's blood, which was drawn pursuant to a search warrant. Specifically, Appellee alleged his blood was seized by an invalid search without probable cause pursuant to a probable cause affidavit that contained inaccurate statements or falsehoods by the affiant.[2] Following a hearing on Appellee's motion to suppress, the trial court found the affidavit in support of the search warrant contained "errors in fact" concerning (1) whether Appellee had operated a motor vehicle in a public place and (2) whether Appellee had performed any field sobriety tests, because those facts were "not supported by personal observation." Based on those findings, the trial court granted Appellee's motion to suppress.

---

[2] Appellee's *Motion to Suppress Evidence* does not contest the facts of the original encounter and does not contend that the encounter required reasonable suspicion. An encounter is a consensual interaction between a citizen and a police officer that does not require reasonable suspicion and does not implicate constitutional rights. *See Florida v. Royer,* 460 U.S. 491, 497-98, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).

The affidavit in question was offered by Officer Matt Brightbill to Magistrate Karen Davis in Hale County.  The affidavit is on a printed form[3] with blanks filled in by hand (italic portions hereinbelow).  The affidavit states, in pertinent part, as follows:

> There is in HALE County, Texas, a suspect person described and located as follows:  *Castro, Jesse*; . . . presently in custody at *Abernathy P.D.,* located at *811 Avenue D, Abernathy*, Texas.
>
> *      *      *
>
> 3.  It is the belief of Affiant that said suspected party has possession of and is concealing the following property:  <u>human blood</u>.
>
> Said property constitutes evidence that the offense described in paragraph 4 below was committed and that said suspected party committed the offense described.
>
> 4.  It is the belief of the Affiant, and he/she [he circled] hereby charges and accuses that on or about the *3ʳᵈ* day of *October,* 20*10*, that the above described suspected party did then and there operate a motor vehicle in a public place while intoxicated by not having the normal use of mental or physical faculties by reason of the introduction of alcohol, controlled substance, drug, or a dangerous drug into the body.
>
> 5.  On the *3ʳᵈ* day of *October*, 20*10*, I made a traffic stop on a *a* (sic) *Gold Chevy S-10 truck-2 door* which was being driven by *Castro, Jesse* the same person identified in paragraph 1 above, for _____ [reason for stop not described].  While talking to the suspected party, I detected *alcohol on his breath and suspect refused any field sobriety tasks.  Suspect had glassy eyes and slurred speech.*
>
> I then asked the suspected party to submit to certain field sobriety tests, and he/she [he circled] refused/agreed [refused circled].  *Marc Owen* conducted the horizontal gaze nystagmus test, and I/he/she observed _____ [nothing circled; nothing in affidavit filled in for horizontal gaze nystagmus test, walk and turn test or one-legged stand test] . . . .
>
> After observing the suspected party during this traffic stop and his/her [his circled] performance on the field sobriety tests, I determined that he/she [he circled] was intoxicated, and I placed him/her [him circled] under arrest for Driving While Intoxicated.  I then transported the suspected party to

---

[3] The use of form affidavits has been criticized by the Texas Court of Criminal Appeals.  *See Faulkner v. State*, 537 S.W.2d 742, 744 (Tex. Crim. App. 1976).

*Hale County Jail* where I requested a sample of his/her [his circled] breath which suspect refused to provide.

Wherefore, Affiant asks for a search warrant that will authorize Affiant of his/her [his circled] agent to search the person of the suspected party for the property described above and seize the same as evidence that the offense described was committed and that suspected party committed said offense.

Further, Affiant asks for issuance of an order to appropriate third parties directing them to assist Affiant in the execution of said warrant.

Based upon this affidavit, Magistrate Davis issued a search warrant. The search warrant authorized Officer Brightbill to transport Appellee to a hospital for the purpose of a blood draw by qualified medical personnel.

### SUPPRESSION HEARING

At the suppression hearing, Marcus Owen, an officer with specialized driving while intoxicated training, testified that, on October 3, 2010, he was off-duty when he stopped and approached Appellee to assist him with changing a flat tire. Appellee was outside his pickup attempting to get a spare tire out of the truck bed. When Officer Owen approached Appellee, he smelled alcohol. He also observed Appellee was stumbling, having a hard time maneuvering around the pickup, slurring his speech, had bloodshot/watery eyes, and emitted a strong odor of alcoholic beverage from his mouth and person. There was an open container in the driver's compartment of the pickup. Officer Owen asked Appellee to perform field sobriety tests and Appellee refused.

Owen also observed Appellee's pickup had left the roadway, travelled into an open field and struck a tree. He testified the damage to Appellee's windshield was consistent with his having struck the tree. When he attempted to perform a horizontal gaze nystagmus (HGN) test, Appellee had a hard time following the stimulus and was

4

uncooperative.  Owen then called for other officers to perform a driving while intoxicated investigation, and when Officer Brightbill arrived, he informed Officer Brightbill of his observations and interactions with Appellee.

Officer Brightbill testified that when he arrived at the scene of the accident, no one was present except Officer Owen and Appellee.  There was no evidence to suggest anyone but Appellee was driving the pickup or had left the scene.  The pickup had been driven over a curb and struck a tree.  Officer Brightbill testified he noticed wood fibers in the windshield.  He also testified Appellee was unsteady on his feet and attempting to retrieve his spare tire.   He detected a strong odor of alcoholic beverage on Appellee's breath and person.  Appellee's speech was slurred and his eyes bloodshot/watery.  He noticed there was damage to Appellee's pickup, i.e., a baseball size hole in his front right tire, a missing passenger side mirror and his windshield along the door frame was completely shattered.  Appellee refused to perform any field sobriety tests.  Officer Brightbill arrested Appellee for driving while intoxicated.  At jail, Appellee refused to give a breath test.  Thereafter, Officer Brightbill obtained a warrant from Magistrate Davis, transported Appellee to a hospital and obtained a blood draw.

Officer Brightbill testified he did not make a traffic stop and did not perform any field sobriety tests as represented in the affidavit.  He indicated the affidavit form was a standard form and it was routine to fill out the form indicating the driver performed field sobriety tests.  He testified he tried to get Appellee in the position to perform an HGN test but he refused.

At the hearing's conclusion, the trial court granted Appellee's motion to suppress noting there was no direct evidence or testimony Appellee operated the pickup, field

sobriety tests were not completed and there was no traffic stop.  The trial court concluded the information in the affidavit was sufficiently inaccurate so as to negate probable cause for the issuance of a search warrant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In its *Findings of Fact and Conclusions of Law,* the trial court determined there was insufficient probable cause to arrest Appellee for a driving while intoxicated violation because there was no evidence Appellee had been driving the pickup.  The trial court also found that Officer Brightbill's testimony during the suppression hearing failed to substantiate the facts in his affidavit, i.e., he failed to state he observed Appellee operate a motor vehicle, heard Appellee admit to driving the pickup, spoke with someone who witnessed Appellee drive the pickup, or performed field sobriety tests.  The trial court concluded that, based on Officer Brightbill's testimony, there were insufficient facts to support the issuance of a search warrant to obtain a sample of Appellee's blood and granted Appellee's motion to suppress.  This appeal followed.

## STANDARD OF REVIEW

The Fourth Amendment to the United States Constitution requires that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. CONST. AMEND. IV; TEX. CONST. ART. I, § 9.  *See* TEX. CODE CRIM. PROC. ANN. art. 18.01(j) (West Supp. 2014).[4]  Under article 18.01, a search warrant may be

---

[4] Because neither party has explained to this Court how the Texas constitution provides greater protection regarding search warrants than the United States Constitution, we examine the State's issues together.  *Hogan v. State,* 329 S.W.3d 90, 93 n.5 (Tex. App.—Fort Worth 2010, no pet.).

obtained from a magistrate only after submission of an affidavit setting forth substantial facts establishing probable cause. Art. 18.01(b). Probable cause exists if, under the totality of circumstances set forth in the affidavit before the magistrate, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued. *Moreno v. State*, 415 S.W.3d 284, 287 (Tex. Crim. App. 2013). "The probable cause standard is not technical, it is practical, and deals with *probabilities*, not hard certainties." *State v. Cantu*, 785 S.W.2d 181, 183 (Tex. App.— Houston [14th Dist.] 1990, pet. ref'd) (emphasis in original).

The magistrate's sole concern should be probability when making a probable cause determination as "[the] magistrate is not bound by such finely tuned standards as proof beyond a reasonable doubt or by a preponderance of the evidence . . . ." *Rodriquez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2003). The standard in determining whether an affidavit established probable cause is "flexible and nondemanding." *Id.*

The magistrate may interpret the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within its four corners. *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010). Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded warrants. *Id.*

---

In addition, the Texas Code of Criminal Procedure will be cited as "art. _____" throughout the remainder of this memorandum opinion.

7

Reviewing courts give great deference to a magistrate's determination of probable cause and consider reasonable inferences that provide a substantial basis for the magistrate's probable cause determination. *State v. Jordan*, 342 S.W.3d 565, 568-69 (Tex. Crim. App. 2011). There are no credibility determinations to be made in examining the sufficiency of an affidavit to establish probable cause because our review is confined to only the four corners of the affidavit. *State v. Five Thousand Five Hundred Dollars*, 296 S.W.3d 696, 705 (Tex. App.—El Paso 2009, no pet.). Thus statements made in a suppression hearing do not factor into the probable cause determination. *State v. Hill*, 299 S.W.3d 240, 243 (Tex. App.—Texarkana 2009, no pet.).

We conduct a *de novo* review and apply the same standard that the trial court applied when it evaluated the magistrate's decision to issue the search warrant on the basis of the affidavit. *Burke v. State*, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd). "The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that are in the affidavit, not those that are omitted from the affidavit." *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007) (quoting *United States v. Ventresca*, 380 U.S. 102, 108-09, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)).

## ANALYSIS

While Officer Brightbill's affidavit could have provided greater detail, in according deference to the magistrate's determination, we cannot agree with the trial court that it failed to establish a substantial basis for the magistrate's probable cause determination that Appellee committed the offense of driving while intoxicated and that his blood could

8

provide evidence of that offense. The magistrate could reasonably infer from the statements in the affidavit that Appellee was detained on a public roadway for a driving while intoxicated investigation.[5] The affidavit indicates Appellee was, at the least, in the presence of a vehicle that had been operated in a public place when the investigation was undertaken. Appellee smelled of alcoholic beverage, his eyes were glassy and his speech was slurred. In addition, he refused to participate in any field sobriety tests, and after he was arrested and transported to jail, he refused to give a blood sample.

The facts contained within Officer Brightbill's affidavit, along with the reasonable inferences from those facts, allowed the magistrate to conclude there was probable cause to sign the search warrant. *See Hogan v. State*, 329 S.W.3d 90, 96 (Tex. App.—Fort Worth 2010, no pet.) (probable cause where appellant smelled of alcohol, his eyes were bloodshot/watery, he was unsteady, he refused a breath specimen and there was no one other than appellant at the scene of the accident, i.e., no evidence to create doubt whether appellant drove the car). *See also Munoz v. State*, No. 02-12-00513-CR, 2013 Tex. App. LEXIS 9912, at *10-12 (Tex. App.—Fort Worth Aug. 8, 2013, no pet.) (mem. op., not designated for publication) (probable cause where appellant refused breath test, smelled of alcohol, had watery/dilated eyes, was unsteady and refused to perform field sobriety tests).

Apparently, the trial court believed that, in the absence of *direct* evidence Appellee was driving the pickup, probable cause could not exist to issue the warrant. Direct evidence of driving is unnecessary here where there are sufficient facts in the

---

[5] Detention and questioning by police officers during a driving while intoxicated investigation, without more, is not custody. *Rodriguez v. State*, 191 S.W.3d 428, 440 (Tex. App.—Corpus Christi 2006, pet. ref'd).

9

affidavit for the magistrate to infer Appellee was driving.[6] *See Jordan*, 342 S.W.3d at 567 n.8. Furthermore, that Officer Brightbill mistakenly indicated on the affidavit that he had executed a traffic stop and performed sobriety tests when he further indicated Appellee refused those tests was not fatal to the issuance of the search warrant. *See Five Thousand Five Hundred Dollars,* 296 S.W.3d at 705 ("A misstatement in an affidavit that is the result of simple negligence or inadvertence, as opposed to reckless disregard for the truth, will not make a warrant invalid."). *See also Dancy v. State*, 728 S.W.2d 772, 782-83 (Tex. Crim. App. 1987) ("A misstatement, as opposed to reckless disregard for the truth, will not render invalid the warrant based on it."); *Kelly v. State*, 413 S.W.3d 164, 174 (Tex. App.—Beaumont 2012, no pet.) ("While the assumption exists that the evidence supporting a probable cause finding is truthful, the Fourth Amendment does not mandate that every fact in a supporting affidavit be necessarily correct."). Here, the trial court did not find Officer Brightbill's statements in the affidavit evidenced a reckless disregard for the truth as opposed to being negligent or inadvertent.

Moreover, that Officers Owen and Brightbill arrived at the scene after the pickup jumped the curb, entered an open field and struck a tree rather than making a traffic stop, as stated in the affidavit, is of no moment. This case is about probable cause for a blood draw, not whether Officers Owen and Brightbill had reasonable suspicion to detain Appellee. *See Hughes v. State,* 334 S.W.3d 379, 387 (Tex. App.—Amarillo 2011, no pet.) ("The failure to detail the operative facts of the initial stop is not fatal to the magistrate's overall determination that probable cause to issue the warrant existed

___

[6] The issue whether Appellee was driving the pickup may be tested at trial where the State must prove beyond a reasonable doubt each element of a driving while intoxicated offense, including the operation of a motor vehicle in a public place.

because the issue is not reasonable suspicion to detain appellant, rather it is probable cause to authorize the issuance of a search warrant following the detention.").[7]

For these reasons, we hold that the facts contained in Officer Brightbill's affidavit, along with reasonable inferences from those facts, allowed the magistrate to conclude there was probable cause to sign the search warrant. *See Rodriguez*, 232 S.W.3d at 61. The affidavit and warrant complied with the United States and Texas constitutions and article 18.01, therefore, we find the trial court erred in granting Appellee's motion to suppress. The State's first issue is sustained, and its remaining issue is pretermitted. TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's order granting Appellee's motion to suppress is reversed and this case is remanded for further proceedings consistent with this memorandum opinion.

Patrick A. Pirtle
Justice

Do not publish.

---

[7] Despite the fact that Appellee's motion to suppress did not question the legality of his arrest and the issue was not litigated at the hearing on Appellee's motion, the trial court concluded in its *Conclusions of Law* that Appellee's arrest was illegal. Based upon the facts known to Officer Brightbill at the time of Appellee's arrest, we find Officer Brightbill had probable cause to arrest Appellee for driving while intoxicated on October 3, 2010.